PRUDENCIO RIVERA, Individually and as Guardian ad Litem of FERNANDO RIVERA, an Infant, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

First Department, March 15, 1960.

*Arnold Davis* of counsel (*Redman & Rogers,* attorneys), for appellants.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for City of New York, respondent.

*Herbert Minster* of counsel (*Bernard Helfenstein,* attorney), for New York City Housing Authority, respondent.

*Per Curiam.* The question posed in this case is whether an owner of a building may be held liable for injuries sustained by a boy who fell into a bathtub which, because of the owner's negligence, constantly contained scalding water. It is alleged that the flow of hot water could not be shut off nor could it be drained off because of the defective condition of the plumbing.

The court in refusing to submit that question to the jury in effect held, as a matter of law, that no such liability could attach. The plaintiff, against whom a verdict was rendered, claims such ruling was error.

The accident occurred to a boy, nine years of age, who while climbing on the rim of the bathtub in an attempt to reach a short cord of a light fixture, slipped, fell into the scalding water and sustained injuries. The court held, as a matter of law, that if there was negligence with respect to the defective plumbing it was not the proximate cause of the injury and there would be no liability. While it submitted the question as to whether the injuries were sustained because of a defective light fixture, it refused to allow the jury to consider whether the defendant could be held liable if found negligent with respect to the defective plumbing. We believe that the court was in error in refusing to do so. If a condition is such as one could reasonably foresee might result in injury to another, the law will hold the one negligently creating such condition, or responsible therefor, liable for the injuries sustained. (*Palsgraf* v. *Long Is. R. R. Co.,* 248 N. Y. 339.) Nor is it necessary that he could reasonably foresee the precise manner in which the accident leading to such injuries might occur. (Restatement, Torts, § 435; Prosser, Torts [2d ed.], § 49, p. 278.) Sufficient it is that the condition is a dangerous one and that the defendant should reasonably have foreseen that injuries could result therefrom.

Notice of the defective plumbing and the existing condition was brought home to the defendant. In the circumstances we hold that it was for the jury to determine whether the defendant should not have foreseen that injury could have resulted from its negligence and it was for the jury to determine whether the

negligence of the defendant with respect to the defective plumbing was the proximate cause of the injuries sustained. In view of the failure of the court to submit that question to the jury the verdict should be set aside and a new trial ordered.

We might add that it is apparent from the testimony given that the alleged defect in the light fixture was not shown to be the proximate or contributing cause of the accident, although the light fixture may have been the occasion for the boy using the bathtub rim to reach it. Of course in passing on the question of liability the jury is obliged to determine whether the infant plaintiff was guilty of contributory negligence.

Accordingly, the judgment should be reversed, on the law, and a new trial ordered, with costs to abide the event.

McNALLY, J. (dissenting). I dissent and vote to affirm.

In this action for personal injuries, this appeal is from a judgment for the defendants entered on a jury verdict in their favor. Plaintiff's proof established that the defendants, through their agent in charge of the premises, had knowledge of the fact that the front legs of the bathtub had collapsed, causing the cut off of its lower drain. In addition, the hot-water faucet failed to close completely and as a result hot water was constantly running into the bathtub. The light fixture in the bathroom hung from the ceiling by wires. On the night in question, the infant plaintiff, nine years of age, came into the bathroom and stood on the rim of the bathtub with his left foot, applied his right hand to a wall for support and with his left hand grasped the cord to turn on the ceiling light. In the course of pulling the light cord, the infant plaintiff's left foot slipped and he fell into the tub of hot water and sustained the burns alleged in the complaint.

The City of New York was the record owner of the premises which it had taken by condemnation and the New York City Housing Authority, the codefendant, was concededly in charge of operation, maintenance and control of the premises at the time of the accident.

The learned trial court charged that the defendants could be held negligent only if the jury found that the light fixture in question was defective. The court further charged that the defective condition of the bathtub and the hot water therein could not be the bases of a finding of negligence against the defendants.

No liability attaches to the defendants by reason of the use of the bathtub as a step ladder; the defendants are not liable for the misuse of the bathtub. That the bathtub was in disrepair,

its bottom drain inoperative, and the hot-water faucet thereof defective in that it could not be shut off, did not severally or in sum proximately cause the accident. (*Lefkowitz* v. *Greenwich Sav. Bank,* 293 N. Y. 711.) The defective bathtub and the hot water therein affected the nature and extent of the infant plaintiff's injuries; they did not cause the accident which was not foreseeable. (*Ranney* v. *Habern Realty Corp.,* 281 App. Div. 278, affd. 306 N. Y. 820.)

Accordingly, the judgment below should be affirmed.

BOTEIN, P. J., BREITEL, RABIN and STEVENS, JJ., concur in *Per Curiam* opinion; MCNALLY, J., dissents in opinion.

Judgment so far as appealed from reversed, on the law, and a new trial ordered, with costs to abide the event.