■ GERALDINE PAUL et al., Respondents, v BORIS KAGAN et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. JAMIE PAUL, Third-Party Defendant-Respondent-Appellant. — Cross appeals (1) from a judgment of the Supreme Court in favor of plaintiffs, entered January 13, 1982 in Sullivan County, upon a verdict rendered at Trial Term (Williams, J.), and (2) from an order of said court, entered January 22, 1982 in Sullivan County, which dismissed the third-party action. Plaintiff Geraldine Paul sustained a compression fracture of a vertebra and back strain while she was a passenger on a snowmobile rented from, and operated on a course owned by, defendant Ramada Hotel Operating Company, doing business as Homowack Lodge, Inc. Her cause of action based on breach of implied warranty and the third-party complaint over against the operator of the machine (plaintiff's son) were dismissed by the court. There should be an affirmance. Initially, defendant argues that plaintiffs failed to prove a prima facie case of common-law negligence and that the court erred in its instructions to the jury concerning notice. We find that the court specifically instructed the jury to disregard and not consider any references to actual notice which was not pleaded. Although use of the words "knew or should have known" in the jury charge might better have been otherwise phrased, it is clear that the court meticulously instructed the jury to dismiss from their minds any theory of actual notice. Moreover, it does not appear that defendant made timely or specific exception to that part of the charge and is thus bound by the charge (*Miles v R & M Appliance Sales,* 26 NY2d 451). The record shows that the snowmobile course was examined twice daily by the employee in charge, who, after plaintiff's accident, remarked "[T]hat's a problem area. We've had problems in that area". A landowner owes a single duty of reasonable care in all the circumstances to foresee the use of his land and the possibility of injury resulting therefrom (*Basso v Miller,* 40 NY2d 233). A landowner is not an insurer of the safety of those using the property for recreational purposes so long as it does not present inherently

dangerous conditions (*Scaduto v State of New York,* 86 AD2d 682; *Luftig v Steinhorn,* 21 AD2d 760, affd 16 NY2d 568). Before a jury may consider whether reasonable care was exercised by a landowner, a plaintiff must pass the threshold question to be determined by a court, i.e., whether the evidence presented was adequate to prove a case sufficient at law to support a favorable jury verdict, which requires proof of an existing duty, a breach of such duty, and, injury to a plaintiff as a result of the breach (*Akins v Glens Falls City School Dist.,* 53 NY2d 325). Central to this appeal is the question of whether defendant had constructive notice of the defect in the snowmobile course which caused the accident, sufficient to support a finding of negligence. "Constructive notice in this respect means such notice as the law imputes from the circumstances of the case, so that where a defective condition has existed for such a length of time that knowledge thereof should have been acquired in the exercise of reasonable care by a landlord, then such a party will be held to have known what he should have known as a result of such care" (*Batton v Elghanayan,* 43 NY2d 898, 901 [Cooke, J., dissenting]). Since defendant inspected the course twice daily, the trial court, in evaluating the evidence, correctly found that plaintiffs established the elements necessary to a cause of action in negligence to entitle the case to be submitted to the jury (*Akins v Glens Falls City School Dist.,* 53 NY2d 325, 332-333, *supra*). It was sufficient that the condition was a dangerous one and that defendant should reasonably have foreseen that injury could result therefrom (*Rivera v City of New York,* 10 AD2d 72, 73). We find no reason to disturb the jury verdict on the issue of liability. Defendant third-party plaintiff next argues that it was error to have dismissed the third-party complaint. It appears the court relied upon both section 25.23 of the Parks, Recreation and Historic Preservation Law and the absence of any proof of negligence as the basis for dismissal.[*] Although violation of the statute was not pleaded, neither was preclusion sought. It would appear that in the absence of proof of negligence of the operator, liability could not be imputed to the owner under the statute. However, the trial court specifically stated that, as a matter of law, the record was devoid of any proof of prima facie negligence on the part of the third-party defendant operator. We agree and affirm, holding that the application of the statute, although erroneous, had no effect upon the dismissal since the record demonstrates that the defendant third-party plaintiff failed to prove the operator negligent. Defendant relied solely on the testimony of plaintiff's two sons, one of whom saw an accident at the precise location in issue shortly before the instant accident and exclaimed to his brother (third-party defendant), "Jamie, look!", and that when Jamie looked, he saw a snowmobile overturned. While admission of knowledge of a condition may give rise to a question of foreseeability (*Boyce v Greeley Sq. Hotel Co.,* 228 NY 106), here, the boy who operated the machine denied knowledge of the dangerous condition. It is unnecessary to reach defendant third-party plaintiff's remaining arguments. Judgment and order affirmed, with costs. Kane, J. P., Mikoll, Weiss and Levine, JJ., concur.

Yesawich, Jr., J., concurs in a separate memorandum. Yesawich, Jr., J. (concurring). While I agree with the result arrived at by the majority, my reason for affirming the dismissal of the third-party complaint is different. Because of a defect in pleading, the court refused to allow the jury to have the issue of whether defendant or third-party defendant had actual notice of any

---

* Section 25.23 of the Parks, Recreation and Historic Preservation Law states: "Liability for Negligence. Negligence in the use or operation of a snowmobile shall be attributable to the owner. Every owner of a snowmobile used or operated in this state shall be liable and responsible for death or injury to person or damage to property resulting from negligence in the use or operation of such snowmobile by any person using or operating the same with the permission, express or implied, of such owner".

dangerous condition on the snowmobile course. There being no objection to that ruling on appeal, liability can only be imposed on Jamie Paul if there is a basis for charging him with constructive notice of the hazard; in my view, as a matter of law, no such basis exists. The brother's remark regarding a hole bore on the issue of actual notice; any use of this evidence would render the court's ruling meaningless. And here, the other evidence, specifically Jamie Paul's few previous trips over the course that day and his observation of an over-turned snowmobile, is insufficient to justify submitting to the jury the issue of whether he had constructive notice of any dangerous condition. Without more, those occurrences simply do not give rise to a reasonable inference that he should have known there was a defect in the course (see *Bierzynski v New York Cent. R. R. Co.*, 31 AD2d 294, 297, affd 29 NY2d 804).