■ FRED ROLFE, Appellant, et al., Plaintiff, v JOHN GALT et al., Respondents. — Appeals (1) from a judgment of the Supreme Court in favor of defendants William and Rita Hollenbeck, entered June 21, 1983 in Tompkins County, and (2) from a judgment of said court in favor of defendants John and Lorraine Galt, entered June 23, 1983 in Tompkins County, both upon a dismissal of the complaint by the court at Trial Term (Bryant, J.), at the close of plaintiffs' case. ¶ In September of 1977, defendants William and Rita Hollenbeck entered into an agreement with defendants John and Lorraine Galt for the purchase of the Galts' gas station and store. By separate agreement made prior to the closing and subsequent to the afore-mentioned agreement, permission was granted to the Hollenbecks to enter upon the subject premises for the purpose of cleaning and making certain renovations and repairs. Incidentally, this latter agreement was not produced at trial and none of the parties was able to testify to its terms with any certainty. The record reveals that two or three days prior to the scheduled closing date, William Hollenbeck began the clean-up and renovation process. He was assisted in this chore by plaintiff Fred Rolfe,* a volunteer, with considerable experience in the field of carpentry. As Hollenbeck was removing small tacks from some weatherstripping on a door casing by prying them loose with a screwdriver, plaintiff stood some few feet away while planing a door. Plaintiff testified that suddenly something that "felt distinctly like a tack" struck him in the left eye. Plaintiff continued to work for another two hours and then left for home. When the pain continued into the next morning, he consulted an ophthalmologist who, upon examination, discovered that plaintiff had received a puncture and laceration of the cornea as well as a laceration of the iris. In spite of surgical procedures designed to relieve plaintiff's condition, the testimony indicates that he has practically no vision in the left eye except that, with the use of a specially designed contact lens, he does have limited vision. ¶ As a consequence, plaintiff and his wife commenced this negligence action against the Hollenbecks and the Galts. At the close of plaintiffs' case, defendants moved for a dismissal of the complaint. The motions were granted and judgments in favor of defendants were entered. Plaintiff appeals from those judgments, contending that the proof adduced at trial was of such sufficiency and quality as to require a finding that the trial court erred in not submitting the issue of defendants' negligence to the jury for resolution. We disagree. ¶ Plaintiff contends that he was owed a duty by William Hollenbeck and that the latter breached that duty of reasonable care either by selecting an improper instrument to remove the tacks, by using a proper instrument in a negligent manner, or by neglecting to warn plaintiff that his removal of the tacks could result in injury to him. ¶ At the close of a plaintiff's case, the trial court is always: "required to undertake an initial evaluation of the evidence to determine whether the plaintiff has established the elements necessary to a cause of action in negligence, to wit: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof" (*Akins v Glens Falls City School Dist.*, 53 NY2d 325, 333). ¶ We find no legal evidence that the duty claimed was breached. While plaintiff

---

\* Plaintiff Margaret L. Rolfe's action is derivative only and references to plaintiff alone are to Fred Rolfe.

asserts, on appeal, that this duty was breached in that another instrument such as a tackpuller or pliers was safer and more suited for the task, there is no evidence in the record by plaintiff, a somewhat skilled part-time carpenter, or anyone else to the effect that a screwdriver was not a proper instrument, that screwdrivers are not ordinarily used in the trade for such a task, or that the suggested alternative instruments were any better or safer. Likewise, there is no evidence in this record to establish the appropriate standard for the proper use of the instrument or the method to be employed in such a task. ¶ Additionally, under the factual pattern disclosed by the testimony, we find no duty on defendant William Hollenbeck to warn plaintiff. According to plaintiff's own testimony, he was aware of Hollenbeck's position and was but a few feet away from him and knew what he was doing. There is no duty to warn against a condition that can be readily observed by the use of one's senses. The situation is then a warning in itself (*Olsen v State of New York,* 30 AD2d 759, 759-760, affd 25 NY2d 665). Even if it can be assumed that a dangerous condition existed, an assumption of doubtful validity, there was no duty to warn because the conditions were readily observable by the reasonable use of the senses (*supra.*) ¶ Plaintiffs failed to establish a prima facie case against William Hollenbeck, and on this record a verdict in any of the actions would necessarily have to be spawned upon speculation, conjecture and surmise. Because recovery in each of the several causes of action by both plaintiffs against the several defendants was dependent upon establishing negligence on the part of William Hollenbeck, the trial court properly dismissed the complaint in its entirety. ¶ Judgments affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.