■ ALBERT J. SCHOONMAKER, JR., Respondent-Appellant, v RIDGE RUNNERS CLUB 99, INC., Respondent, and CRAIG D. SCHOONMAKER et al., Appellants-Respondents, et al., Defendant.—Mikoll, J. Cross appeals from an order and judgment of the Supreme Court at Special Term (Lee, Jr., J.), entered December 14, 1984 in Delaware County, which granted the motion by defendant Ridge Runners Club 99, Inc., for summary judgment dismissing the complaint and all cross claims against it.

On September 6, 1980, plaintiff sustained serious injuries when he was struck by a tree cut down by defendant Robert Curtis upon lands owned by defendant Ridge Runners Club 99, Inc. (Ridge Runners). Plaintiff and Curtis were assisting defendants Gary P. Schoonmaker and Craig D. Schoonmaker, brothers of plaintiff, in cutting and gathering firewood for the use of Gary and Craig, who were members of Ridge Runners. Neither plaintiff nor Curtis, however, were members of Ridge Runners.

Ridge Runners, a recreational club, owned approximately 460 acres of undeveloped land in the Town of Hancock, Delaware County. Ridge Runners had about 20 members and its land was used by members for hunting, fishing, snowmobiling and camping. Members paid an $800 initiation fee and $15

per month dues. The club also had a long-standing practice of allowing its members to cut down trees on the property for their own use. Although nonmembers were permitted on the premises as long as they were accompanied by a member, they could not cut or take any wood for themselves.

Plaintiff alleged that as a result of the accident, he suffered, *inter alia,* a compound fracture of his right tibia and fibula, a compression of the lumbar area and head injuries. Plaintiff commenced this action against defendants to recover money damages alleged to be caused by their negligence. Ridge Runners asserted in its answer an affirmative defense claiming that it was immune from liability by virtue of General Obligations Law § 9-103, and subsequently moved for summary judgment dismissing the complaint. Special Term granted the motion, dismissed the complaint against Ridge Runners and also dismissed all cross claims of the other defendants against Ridge Runners. Special Term found that General Obligations Law § 9-103 was applicable in this case and, therefore, that plaintiff had failed to state a cause of action against Ridge Runners. These cross appeals ensued.

The primary question to be decided in this case is whether Ridge Runners is immunized from liability for any negligence by virtue of General Obligations Law § 9-103 (1) or whether the exception provided in General Obligations Law § 9-103 (2) (b) applies, precluding Ridge Runners from receiving such immunity. Plaintiff argues that General Obligations Law § 9-103 (2) (b) applies to this case since Ridge Runners received consideration, in the form of membership fees, in exchange for the permission it gave its members to cut wood on its premises. Plaintiff maintains, therefore, that Ridge Runners is not immune from liability under General Obligations Law § 9-103 (1) for its alleged negligence in causing plaintiff's injuries. We agree.

General Obligations Law § 9-103 provides in pertinent part:

"1. Except as provided in subdivision two,

"a. an owner, lessee or occupant of premises * * * owes no duty to keep the premises safe for entry or use by others for * * * cutting or gathering of wood for non-commercial purposes * *. * or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes * * *

"2. This section does not limit the liability which would otherwise exist

"a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity; or

"b. for injury suffered in any case where permission to pursue any of the activities enumerated in this section was granted for a consideration".

General Obligations Law § 9-103 (1) (a) effects a change, in certain enumerated instances, in the common law's view of a landowner's liability for injuries to third parties as a consequence of defects in his property *(see, Sega v State of New York,* 60 NY2d 183, 191). If this provision applies, plaintiff must prove that Ridge Runners willfully or maliciously failed to guard against a dangerous condition, use, structure or activity *(supra,* at p 192). However, this immunity from negligence does not apply if the landowner exacts a charge for use of the property (General Obligations Law § 9-103 [2] [b]; *see, Sega v State of New York, supra,* p 186).

It appears that Ridge Runners received a consideration in exchange for its permission to allow members to cut and take wood. This privilege was one of the benefits of club membership. Therefore, the exception applies and Ridge Runners is not immune from liability for its negligence, if any exists. This situation differs from that found in *Seminara v Highland Lake Bible Conference* (112 AD2d 630, 631-633), where the plaintiff's occasional purchases from a snack bar on the defendant's property was held not to constitute consideration for the privilege of bicycling on the property for purposes of General Obligations Law § 9-103 (2) (b). In *Seminara,* this court found that there was an insufficient nexus between the alleged consideration and the recreational activity *(supra,* p 633). Here, there is a direct connection between the consideration paid and the activity specified in the statute.

Thus, Special Term improperly granted summary judgment dismissing the complaint and all cross claims against Ridge Runners. There is a triable issue of fact raised regarding Ridge Runners' alleged negligence which must be determined by a jury. Since General Obligations Law § 9-103 (1) is inapplicable, the governing standard of care in this case is the landowner's duty of reasonable care to those entering its property *(see, Basso v Miller,* 40 NY2d 233). The foreseeability of the harm is the measure of liability *(supra).* Testimony elicited during discovery established that Ridge Runners had condoned the cutting down of trees on its property, a potentially dangerous activity. Although it had no rules concerning safety procedures to be followed and it provided no training or safety equipment, members were given complete freedom in cutting down trees. An accident of the kind herein could be found to be foreseeable under these circumstances. Also, a

factual issue exists as to whether Ridge Runners' failure to exert some supervisory or other control over the tree-cutting activity amounted to negligent conduct.

Ridge Runners' reliance on *Barnaby v Rice* (75 AD2d 179, *affd* 53 NY2d 720) as support for its contention that this accident was not reasonably foreseeable is mistaken for the instant case is distinguishable. In *Barnaby,* the property owner was conducting a garage sale. This was not an inherently dangerous activity and the property owner had no knowledge that the deceased infant was left in the vehicle parked by the roadside *(supra,* at p 181). In the instant situation, Ridge Runners was aware that its members were engaged in the potentially dangerous activity of cutting down trees on its property.

The order and judgment should therefore be reversed and Ridge Runners' motion for summary judgment denied.

Order and judgment reversed, on the law, without costs, and motion denied. Casey, Weiss and Mikoll, JJ., concur.

Main, J. P., and Harvey, J., dissent and vote to affirm in a memorandum by Harvey, J. Harvey, J. (dissenting). We respectfully dissent. We have found no precedent nor has plaintiff submitted any case which, in our view, supports liability on the part of defendant Ridge Runners Club 99, Inc. (Ridge Runners). A review of the facts is required. Ridge Runners was nothing more than a communal arrangement to purchase land and build a camp for the recreational and social use of its 21 members. There was no proof that the club itself managed any recreational activity. The property was utilized by its members individually or in groups. Permission to harvest firewood was granted to each member for his own use. No charge was made for firewood so harvested nor for any recreational use. The dues, both initiation and monthly, were levied to pay for the purchase of the land, construction of a camp, taxes, insurance and upkeep.

Plaintiff was former member of the club and the brother of defendants Gary P. and Craig D. Schoonmaker, who were members of the club at the time of the accident. Without notifying the president or governing body of the club of their intentions, the two Schoonmaker members arranged with plaintiff and defendant Robert Curtis, a nonmember, to cut some wood on club property for the exclusive use of the two Schoonmaker members. On the day of the accident, the two Schoonmaker members and Curtis arrived at the club property first. When plaintiff arrived, both Gary Schoonmaker and

Curtis were already engaged in felling trees. At the time of the accident, plaintiff had not begun to participate in the woodcutting venture. Plaintiff was aware of the fact that Curtis was in the act of felling a tree. He saw Curtis and waved to him. it was known that trees were usually dropped in the direction of the road. Or, stated in another way, trees were usually dropped in the direction of where plaintiff was standing. For some reason unknown to any of the participants, plaintiff remained in the drop zone with full knowledge of the fact that a tree was being felled. The fact that the tree struck plaintiff is irrefutable evidence that plaintiff was in the drop zone at the time he was injured. The event took place when plaintiff was not engaged in any activity requiring him to be in a position of risk. Whether Curtis saw plaintiff in the drop zone prior to his felling of the tree is unknown because Curtis died shortly thereafter and his testimony was not taken.

The usual and common theories for the establishment of liability on the part of the landowner are not urged by plaintiff in this action. The most common theory is that the landowner has created or allowed a defective and dangerous condition of the real property to exist. No such contention exists in this action. Another common ground is that some affirmative act of negligence by the landowner occurred with knowledge that a plaintiff was on the premises. That theory is not being advanced. Finally, a duty exists to warn a person coming onto the premises of any activity known by the landowner and likely to be dangerous to such a person. Obviously, in this instance, plaintiff needed no warning because he knew precisely what was happening, he was experienced in cutting wood and was aware that he should not stand within the area where the tree might fall (cf. *Rolfe v Galt*, 102 AD2d 983, 984, *lv denied* 63 NY2d 604; *Herman v State of New York*, 94 AD2d 161, 163, *affd* 63 NY2d 822; *see also, Van Stry v State of New York*, 104 AD2d 553, 557 [dissenting opn] [there is no duty to warn where plaintiff knew or reasonably should have known as a matter of common sense of the dangers inherent in his activities]).

It is difficult to pin down the precise theory of liability contended by plaintiff. The complaint alleges negligence in a very general sense without allegation of any specific facts which created a duty of Ridge Runners to plaintiff nor any act or omission on its part constituting negligence. No bill of particulars exists in the record. The affidavit of plaintiff's attorney, in opposition to Ridge Runners' motion for summary

judgment, contends that any negligence on the part of plaintiff's two brothers can be imputed to Ridge Runners. The pleadings do not allege any facts to support such a contention and no such evidence exists in the record.

It is incumbent upon the court "to undertake an initial evaluation of the evidence to determine whether the plaintiff has established the elements necessary to a cause of action in negligence, to wit: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof" *(Akins v Glens Falls City School Dist.,* 53 NY2d 325, 333; *see, Basso v Miller,* 40 NY2d 233, 241-242). On the facts before this court, we would hold that plaintiff has failed to establish a duty owing to him by Ridge Runners and that, even assuming, arguendo, the existence of a duty, there has been no theory advanced by which Ridge Runners' conduct could be construed as a proximate cause of the accident.

A defendant may be held liable for negligence only when he breaches a duty owed to the plaintiff *(Strauss v Belle Realty Co.,* 65 NY2d 399, 402). The bounds of duty are determined not merely by logic and science, but policy and common sense are vital considerations in determining what risks the law will protect *(see, De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055). Duty is not defined by, nor should it be confused with, foreseeability *(see, e.g., Strauss v Belle Realty Co., supra,* p 402; *Pulka v Edelman,* 40 NY2d 781, 785). Foreseeability is applicable to determine the scope or limits of duty, but is only relevant after it has been determined that there is a duty *(Pulka v Edelman, supra).* Here, Ridge Runners merely granted general permission for the wood cutting activity to take place. It did not plan, manage or control it. The participants were in complete control and did not expect any supervision or assistance from the club. The activity was not for the benefit of the club. In fact, Ridge Runners was unaware of the fact that the activity was taking place. We would find no duty on these facts and, even if a duty did exist, we would hold as a matter of law that Ridge Runners acted reasonably under the circumstances *(see, Akins v Glens Falls City School Dist., supra,* p 333).

Furthermore, the facts completely fail to establish that the alleged negligent acts of Ridge Runners were a proximate cause of plaintiff's injuries. An act or omission is not a proximate cause of an injury if that injury would have occurred without it *(see, Livingston v Gribetz,* 549 F Supp 238, 243). It is the plaintiff's burden to show that the defendant's

conduct was a cause of his injury *(Koester v State of New York,* 90 AD2d 357, 361, *appeal withdrawn* 58 NY2d 972). The opposing affidavit of the attorney for Curtis contends that Ridge Runners is liable because it took no measures to assure that safe cutting practices were observed, promulgated no rules with respect to nonmembers' participation in those practices and did not require participants to wear hard hats. However, no claim is made that the lack of a hard hat caused the accident and no claim is made that plaintiff's injuries would have been less severe had he been wearing a hard hat. The failure to explain to plaintiff and Curtis that plaintiff should not enter the drop zone while a tree is being felled and that Curtis should not fell a tree while another person is in the drop zone cannot possibly constitute proximate cause. The record well establishes that both were well aware of that rule of safety. It is basic common sense for which no warning need be given *(see, Rolfe v Galt,* 102 AD2d 983, 984, *supra).*

Finally, we agree with Special Term's determination that General Obligations Law § 9-103 (1) applies and that plaintiff thus must prove that Ridge Runners willfully or maliciously failed to guard against a dangerous condition, use, structure or activity *(see, Sega v State of New York,* 60 NY2d 183, 192). We would hold that the fees paid by Ridge Runners members do not fall within the statutory exception of General Obligations Law § 9-103 (2) (b). The record reflects that the dues Ridge Runners required its members to pay were essentially to cover the cost of improvements, taxes, maintenance and other expenses associated with the ownership of real property. No fee was paid for the privilege of taking firewood *(see, Seminara v Highland Lake Bible Conference,* 112 AD2d 630, 633; *Curtiss v County of Chemung,* 78 AD2d 908). Since there is no indication that firewood harvesting was an income-producing activity for the club, a determination that Ridge Runners is not protected by General Obligations Law § 9-103 (1) is inconsistent with the legislative intent *(see,* memorandum of Assemblyman Glenn H. Harris, 1979 NY Legis Ann, at 207).

Accordingly, we would affirm Special Term's order and judgment dismissing the complaint and all cross claims against Ridge Runners.