■ DANA M. THACKERAY, Individually and as Natural Parent of MICHAEL J. MADONNA, an Infant, Appellant, v JEFFREY J. NOVAK, Respondent.—Main, J.

Plaintiff's son was injured when, in attempting to climb over a fence to retrieve a ball from defendant's property, he tried to balance himself against defendant's garage, slipped and put his hand through a window of defendant's garage. The parties disagree as to whether the window pane previously had been broken or was whole. Following examinations

before trial, defendant moved for summary judgment contending that, as a matter of law, defendant owed no duty to plaintiff since the accident was unforeseeable. Special Term granted the motion, and plaintiff appeals.

A landowner is not an insurer of the safety of those using his property *(see, Paul v Kagan,* 92 AD2d 988). His liability for injuries suffered by persons while on his property depends upon whether he has " 'act[ed] as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " *(Basso v Miller,* 40 NY2d 233, 241, quoting *Smith v Arbaugh's Rest.,* 469 F2d 97, 100). Thus, foreseeability is the measure of liability in a case such as this *(see, id.).* "In all but the most extraordinary instances, whether a defendant has conformed to the standard of conduct required by law is a question of fact" *(Kiernan v Hendrick,* 116 AD2d 779, 781, *appeal dismissed* 68 NY2d 661).

In light of the standard applicable in this case, we are of the opinion that this is one of those rare cases in which summary judgment is warranted. While it might have been foreseeable that plaintiff's son might climb over the fence, and while it might have been foreseeable that a child standing on the ground could be injured by a broken window pane that was within his reach, we do not believe that a reasonable person would foresee that a child would climb onto the fence and put his hand through a garage window located in close proximity to the fence. Accordingly, the order should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.