■ GREGG MACEY et al., Respondents, v CHARLES TRUMAN, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered November 6, 1985 in Broome County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Gregg Macey (hereinafter plaintiff) and his wife brought this negligence action against defendant to recover for injuries sustained by plaintiff in an accident on defen-

dant's property which occurred while plaintiff was cutting down trees. Prior to the accident, plaintiff had approached defendant to inquire whether he would sell some of the red pine trees on his lot to plaintiff. Plaintiff planned to use the trees to build a log cabin. Defendant, realizing that the trees needed to be thinned, agreed to sell some trees to plaintiff. The trees were marked prior to cutting by plaintiff, defendant and a forester from the Department of Environmental Conservation.

On March 22, 1980, plaintiff and two acquaintances, Frederick Zimmer and Allen Boutelle, went to defendant's woodlot to cut down the marked trees. Plaintiff and Boutelle apparently had little experience cutting trees; Zimmer, however, was experienced in logging. Plaintiff cut a marked tree which was leaning into an adjacent tree. The marked tree became caught on the tree into which it had been leaning. Zimmer then cut two marked trees in an attempt to dislodge the caught tree. However, both of these trees also became caught. In order to rectify this situation, it was decided that the unmarked tree which was holding up the three cut marked trees should itself be cut. Plaintiff and Boutelle moved downhill to a field and Zimmer cut the tree. As the trees began to fall, plaintiff noticed one falling toward him. He tried to run clear of it but was unsuccessful, getting struck by the top of the tree. He suffered numerous injuries including permanent paraplegia.

As a result of the accident, plaintiff and his wife brought this action alleging that his injuries were due to defendant's negligence. In his answer, defendant denied any negligence and asserted that the accident was due to plaintiff's own conduct. Thereafter, defendant moved for summary judgment. Special Term partially denied the motion, ruling that triable issues of fact existed regarding the applicable standard of care and the causal connection between defendant's acts and plaintiff's injuries. This appeal by defendant ensued.

Landowners owe a duty of reasonable care to those who enter upon their land (Basso v Miller, 40 NY2d 233). This court has recently held that it is generally for the jury to determine whether a landowner who allows individuals to cut trees on his property is liable when one of the individuals is injured (Schoonmaker v Ridge Runners Club 99, 119 AD2d 858, appeal dismissed 68 NY2d 807). This case is not unlike Schoonmaker. In neither case was the landowner either individually or through agents involved in tree-cutting activity. Here, defendant allegedly aided in marking the trees which were to be cut and some of the marked trees were allegedly

either storm damaged or within five feet of adjoining trees, contrary to sound forestry practices. Accordingly, we conclude that summary judgment was properly denied.

Order affirmed, without costs. Main, Mikoll and Harvey, JJ., concur.

Kane, J. P., and Casey, J., dissent and vote to reverse in a memorandum by Casey, J. Casey, J. (dissenting). Contrary to the position of the majority, we cannot read our decision in *Schoonmaker v Ridge Runners Club 99* (119 AD2d 858, *appeal dismissed* 68 NY2d 807) as support for Special Term's denial of summary judgment to this defendant. Accordingly, we respectfully dissent.

In *Schoonmaker* the principal issue was the applicability of General Obligations Law § 9-103, a statute not involved here. We refused to apply section 9-103 in *Schoonmaker* due to the payment of a monetary consideration which triggered the statutory exception provided in section 9-103 (2) (b). True, we found a question of fact existed as to the liability of the corporate defendant club, but our holding there was based largely on the fact that the individually named defendants who actually participated with the plaintiff in the cutting of trees were members of the defendant club, so their participation, if negligent, could be imputable to the corporate defendant. This is far from the situation here, for concededly this defendant landowner, an individual, did not participate in any way in the cutting or felling of the trees. This defendant's participation ended with his alleged involvement in the selection of the trees to be cut. Plaintiff claims that defendant's participation in the selection process is sufficient to raise a factual question as to his liability, precluding the grant of summary judgment to defendant. It is this claim adopted by the majority that has prompted our dissent. In our view, plaintiff's injury was proximately caused solely by the method and manner in which he and his companions decided to fell the trees and to disengage them when they became hung up.

Plaintiff has failed to show how defendant's participation in the selection process or otherwise breached defendant's duty of reasonable care to plaintiff and proximately caused or contributed to the happening of plaintiff's accident in any way. In response to defendant's showing in support of his motion for summary judgment, plaintiff was required to tender proof in admissible form to establish the existence of a triable issue of fact *(see, Vermette v Kenworth Truck Co.,* 68 NY2d 714), which plaintiff here has utterly failed to do.

Defendant's motion for summary judgment should have been granted.