■ CATHERINE BLAIS, Appellant, v KATHERINE BALZER, Respondent. (And a Third-Party Action.)—Yesawich Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered November 5, 1990 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

When a branch from a tree on defendant's residential property partially broke during a storm and severed a telephone wire, plaintiff (defendant's daughter), plaintiff's husband (the third-party defendant) and their 13-year-old son undertook to remedy the situation. The parties disagree as to whether defendant asked plaintiff's husband or he volunteered to remove the branch and repair the wire; however, it is undisputed that defendant provided the ladder, rope, hand saw and chain saw for plaintiff's husband and her son to use. Plaintiff occupied herself collecting smaller branches and debris which she carried to the woods behind the house. After the branch had been partially cut and while it was being moved with the rope, it fell in a direction other than that intended and struck plaintiff, causing serious injuries. Plaintiff sued charging that defendant, her agents and/or employees had been negligent. Defendant successfully moved for summary judgment dismissing the complaint and plaintiff appeals. We affirm.

Significantly, plaintiff's injuries were not caused by any unsafe condition defendant left uncorrected upon her land, but were the direct result of the attempt by plaintiff's husband and her son to cut and remove the branch *(see, Macey v Truman,* 70 NY2d 918, 919). Here, unlike the situation in *Schoonmaker v Ridge Runners Club 99* (119 AD2d 858, *appeal dismissed* 68 NY2d 807), upon which plaintiff relies, defendant did not participate in the cutting activities which led to the tragic accident. Nor is *Lichtenthal v St. Mary's Church* (166 AD2d 873) any more helpful to plaintiff's cause, for even if it is conceded that defendant asked plaintiff's husband and son to remove the branch and provided all of the necessary tree cutting equipment to do so, she did not, as the parties' depositions disclose, direct or supervise the work in the slightest way. Furthermore, as the record is devoid of proof that defendant contributed to the activities of plaintiff's husband or son in any respect, there is no merit to plaintiff's contention that they were defendant's agents or employees.

Finally, even assuming that this was an accident of the kind which was foreseeable under the circumstances and one that defendant failed to exercise due care to prevent, plaintiff did not establish a causal nexus between defendant's actions and her injuries.

Casey, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.