MARY K. O'CONNELL, Respondent, v MAX JACOBS et al., Individually and as Parents and Natural Guardians of SETH JACOBS, an Infant, Defendants, and SETH JACOBS, Appellant. (Appeal No. 2.)—Amended judgment reversed on the law without costs and complaint dismissed. Memorandum: On March 20, 1980, plaintiff suffered severe personal injuries when she was allegedly beaten in her bed on the third floor of the residence of Max and Helen Jacobs. Plaintiff had no independent recollection of the circumstances that led to her injuries and was unable to identify her attacker. Plaintiff commenced this action against the Jacobs' son, Seth, who was 15 years of age at the time of the incident, for assault and battery and negligence, and against the Jacobs for negligent supervision of Seth.

Following the close of proof at the jury trial, the court dismissed the negligence cause of action asserted against Seth. The jury returned a special verdict in favor of plaintiff against Seth on the assault and battery cause of action and awarded plaintiff damages in the total sum of $800,000. The jury rendered a verdict in favor of Max Jacobs and Helen Jacobs on the cause of action asserted against them.

Although it is tragic that plaintiff suffered such injuries and is deserving of compensation, we reluctantly conclude that the jury verdict against Seth for assault and battery cannot be sustained because there is no evidence to support the finding that defendant Seth battered the plaintiff. The only possible basis for such a finding is Officer Donovan's testimony, in response to a question whether at the time of the investigation he had any suspects, that he felt that Max or Seth was "capable" of the attack. No basis for his suspicion, however, is contained in the record. In fact, all of the police officers, including Officer Donovan, testified that they were aware of no evidence to connect Seth with the crime. Officer Donovan's suspicions that Seth may have been the perpetrator are probative of nothing and that testimony was improperly admitted. Because there is no evidence to support a finding that Seth battered the plaintiff, his motion for a directed verdict should have been granted.

Furthermore, it is undisputed that there were six people besides the victim sleeping at the Jacobs' house on the night plaintiff was attacked. Two young children could reasonably have been excluded as possible perpetrators. There is some

evidence with respect to the parents, but the record is silent regarding a brother of Seth who was one year younger. "A jury verdict must be based on more than mere speculation or guesswork" *(Bernstein v City of New York,* 69 NY2d 1020, 1021). If "there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible" *(Digelormo v Weil,* 260 NY 192, 200). Accordingly, the jury verdict against Seth cannot be sustained and the amended judgment is reversed and the complaint dismissed.

Even if, as concluded by the dissent, the evidence is sufficient, the verdict still cannot be sustained because Seth was denied a fair trial by numerous erroneous evidentiary admissions and by unsupported statements of plaintiff's counsel, all designed to prejudice the jury's mind against him. Plaintiff's attorney, despite a pretrial ruling that subsequent hypnotic revelations regarding Seth would not be admissible, asserted in her opening statement that plaintiff subsequently suffered from nightmares and reenactments or reliving of the attack and that she had begun to link up those flashbacks with Seth. Because plaintiff's testimony never linked Seth to the assault, there was no basis for plaintiff's counsel to make that damaging statement *(see, Estes v Town of Big Flats,* 41 AD2d 681; *see also, Cohn v Meyers,* 125 AD2d 524, 527).

Supreme Court also improperly admitted testimony by Dr. Ewing that, based upon his analysis of Seth's writings, Seth possessed personality traits of "sadism, narcissism and self-centeredness" and that he was capable of committing the assault. Clearly that was error because "[i]t is the generally accepted rule that the character of a party may not be shown in a civil case to raise an inference that he acted in conformity therewith on the occasion in question" (Richardson, Evidence § 158 [Prince 10th ed]). That testimony was very damaging to Seth and should have been stricken. The issue before the jury was not whether Seth was capable of committing the assault, but rather whether he did commit the assault.

Likewise, Supreme Court's improper admission of the inadmissible hearsay testimony of Susan Wolf, that Pamela Prince told her that Seth entered her room while she was sleeping at his home and stood over the bed holding a flashlight in his upraised arm, was extremely damaging. Additionally, the hearsay testimony of Cynthia Russell that Seth's mother stated that assaults and even murders occur in the best of families, and that Seth would go to Bellevue Hospital for

testing, was clearly inadmissible as against Seth and most damaging to him. It is no small wonder that the jury, presented with such damaging testimony, all admitted over objection, concluded that Seth, amongst all of the members of the household, must have been the one who assaulted plaintiff.

All concur, except Green, J. P., and Davis, J., who dissent and vote to modify in the following Memorandum.

Green, J. P., and Davis, J. (dissenting). We respectfully dissent. We conclude, viewing the evidence in the light most favorable to plaintiff and recognizing that plaintiff, who suffered amnesia, " 'is not held to the high degree of proof required in a case where the injured person may take the stand and give [her] version of the happening of the accident' " *(Noseworthy v City of New York,* 298 NY 76, 80; *see also, Schechter v Klanfer,* 28 NY2d 228, 232-233; *Matter of Fasano v State of New York,* 113 AD2d 885), that the jury verdict is supported by legally sufficient evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Contrary to the suggestion of the majority, plaintiff had no burden to exclude other members of the Jacobs' household of culpability in this incident. Plaintiff's burden of proof was to establish by a fair preponderance of the credible evidence that Seth was her attacker. In our view, plaintiff satisfied that burden of proof requirement. It is sufficient that plaintiff " 'shows facts and conditions from which the [assault and battery by Seth] and the causation of [plaintiff's injuries by Seth's conduct] may be reasonably inferred' " *(Schneider v Kings Highway Hosp. Center,* 67 NY2d 743, 744, quoting *Ingersoll v Liberty Bank,* 278 NY 1, 7). Plaintiff's proof need not "positively exclude * * * every other possible cause" of her injuries but defendant's assault and battery *(Rosenberg v Schwartz,* 260 NY 162, 166; *see also, Johnson v New York City Tr. Auth.,* 129 AD2d 424, 425-426, *lv denied* 70 NY2d 605). A plaintiff may prevail where the inference of defendant's culpability is more probable or more reasonable than the inference of his nonculpability *(see, Schneider v Kings Highway Hosp. Center, supra).* "[H]er proof must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" *(Schneider v Kings Highway Hosp. Center, supra,* at 744; *see also, Spett v President Monroe Bldg. & Mfg. Corp.,* 19 NY2d 203, 205). It is well settled that where the credibility of witnesses is involved "[g]reat deference is accorded to the fact-finder's opportunity to view the

witnesses, hear the testimony and observe demeanor" *(People v Bleakley,* 69 NY2d 490, 495).

Furthermore, we conclude that Seth's contention that he was deprived of a fair trial by certain comments and evidentiary rulings of the trial court lacks merit. A review of the record reveals that the trial court conducted the trial in a fair, unbiased and impartial manner. Additionally, any prejudice to Seth caused by the improper reference to certain "nightmare" testimony by plaintiff's counsel in her opening statement was dissipated by the trial court's prompt curative instructions.

Finally, in our view, the amended judgment in favor of plaintiff against Seth, should be modified by deleting the award for future medical services in the sum of $97,800. The evidence does not support a need for future medical services and no evidence was adduced regarding the nature of those services or what would be the reasonable cost of such services if provided *(see, Pavia v Rosato,* 154 AD2d 519; *Beyer v Murray,* 33 AD2d 246, 249). In all other respects, we conclude that the award of damages does not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]).

Accordingly, we would modify the amended judgment in plaintiff's favor against Seth by deleting the award for future medical services in the sum of $97,800, and otherwise would affirm. (Appeal from Amended Judgment of Supreme Court, Erie County, McGowan, J.—Personal Injuries.) Present— Green, J. P., Pine, Balio, Lawton and Davis, JJ.