■ LOUISE JARVIS, Individually and as Parent and Natural Guardian of WAYNE DIBBLE, an Infant, Appellant, v DONALD EASTMAN et al., Respondents. [609 NYS2d 683] —Casey, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered February 3, 1993 in Franklin County, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims.

In January 1991, Wayne Dibble (hereinafter plaintiff), then almost 16 years old, and his 21-year-old friend and frequent hunting companion, defendant Harold Van Woert, went hunting for partridge and rabbits. Both individuals were fully experienced and knowledgeable in the use of all types of firearms, including BB guns. Plaintiff had obtained a hunting license at age 14 and had used BB guns since age 10. Due to the lack of game that day, Van Woert suggested that he request permission from defendants Donald Eastman and Joanne Eastman, who owned a nearby farm, to enter the cow barn on their property and shoot pigeons that were roosting there. Having occasionally helped the Eastmans with farm chores, Van Woert knew that they were concerned about the pigeons whose droppings contaminated the hay that was fed to the cows. The Eastmans gave their permission for the use of BB guns to shoot the pigeons in the barn, but they did not go to the barn to observe plaintiff and Van Woert shoot at the pigeons as the pigeons entered and left the barn through the

openings near the roof at either end. According to Van Woert, BBs from their guns occasionally ricocheted about the barn during the two-hour period that they were shooting. Plaintiff ultimately was struck in the eye by a ricocheting BB pellet and, as a result, lost his eye. No one can state which gun discharged the pellet that struck plaintiff's eye.

After joinder of issue, defendants moved for summary judgment dismissing the complaint for legal insufficiency. Supreme Court granted the Eastmans' motion on the basis of the limited liability afforded them under the recreational use statute (General Obligations Law § 9-103), and granted Van Woert's motion on the ground of plaintiff's total assumption of risk. Plaintiff appeals from the order dismissing the complaint.

As to the Eastmans, we do not reach the issue of whether General Obligations Law § 9-103 is applicable, for we find no basis to impose liability on the Eastmans even if they are subject to ordinary negligence principles. Owners of real property owe to those using their property the duty to exercise reasonable care in the circumstances (*Basso v Miller,* 40 NY2d 233, 241), and reasonable care may vary depending upon the party seeking relief and his purpose in being on the premises (*Turcotte v Fell,* 68 NY2d 432, 442). A landowner is not, however, an insurer of the safety of those using his property (*Thackeray v Novak,* 124 AD2d 946, 947); no liability will be imposed when the injury does not result from an unsafe condition, but is the direct result of the manner in which the injured party engaged in a voluntary activity and the landowner neither participated in the activity nor exercised any supervision and control over the activity (*Macey v Truman,* 70 NY2d 918; *Blais v Balzer,* 175 AD2d 385; *Farley v Smith,* 172 AD2d 800, *lv denied* 78 NY2d 859; *Collins v Petroski,* 155 AD2d 799). Plaintiff's injury was not caused by any defect or unsafe condition left uncorrected by the Eastmans, but was the direct result of the manner in which plaintiff and his companion used their BB guns to shoot pigeons in the Eastmans' barn, which they volunteered to do.* The Eastmans did not participate in the activity and there is no evidence that they directed or supervised the activity. In these circumstances, the Eastmans cannot be held liable for plaintiff's injuries (*see, supra*).

---

* Plaintiff contends that he was employed by the Eastmans in violation of Labor Law § 131, but there is no evidence that either plaintiff or Van Woert was anything other than volunteers when they sought the Eastmans' permission to shoot pigeons in the barn (*see, Blais v Balzer, supra,* at 386).

We also conclude that there is no basis for imposing liability on Van Woert in the circumstances. To the extent that Van Woert was negligent in the manner in which he shot his BB gun, plaintiff cannot meet his burden on the issue of proximate cause, for it is undisputed that there is no evidence from which it can be determined which gun fired the pellet that struck plaintiff in the eye (see, O'Connell v Jacobs, 181 AD2d 1064, 1065, affd 81 NY2d 797). Plaintiff also contends that Van Woert was negligent in failing to warn plaintiff of the dangers of ricocheting pellets and the need to wear safety goggles. It is the general rule, however, that there is no duty to warn against a condition that is readily observable by the reasonable use of one's senses (McAuliffe v Town of Windsor, 178 AD2d 905, 906); considering plaintiff's knowledge and experience in the use of guns, we conclude that, as a matter of law, Van Woert had no duty to warn plaintiff of the obvious dangers inherent in the manner in which they conducted their pigeon-shooting activity. Having so concluded, we need not decide the assumption-of-risk issue.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.