■ EDWARD BEZOZO, Appellant, v TOWN OF HEMPSTEAD, Defendant, and BIRDIES AND BOGIES, INC., Respondent. [686 NYS2d 489] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated October 30, 1997, as granted that branch of the motion of the defendant Birdies and Bogies, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

■ EDWARD BEZOZO, Appellant, v TOWN OF HEMPSTEAD, Respondent, and BIRDIES AND BOGIES, INC., Defendant. [686 NYS2d 490] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated April 13, 1998, as granted that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sustained personal injuries when he fell, while wearing spiked golf shoes, after walking into a cafeteria owned by the respondent Town of Hempstead and operated by the defendant Birdies and Bogies, Inc.

We agree with the Supreme Court that there are no issues of fact regarding the absence of liability of the respondent Town of Hempstead (*see, Bezozo v Town of Hempstead,* 259 AD2d 576 [decided herewith]. There is no duty to warn against a condition that can readily be observed by those employing the reasonable use of their senses (*see, Poerio v State of New York,* 144 AD2d 129, 131). Under such circumstances, the condition is a warning in itself (*see, Rolfe v Galt,* 102 AD2d 983, 984). Bracken, J. P., Sullivan, Altman and Friedmann, JJ., concur.