■ PHILIP F. WOLFF, Appellant, v ELLY V. MAHRER, Individually and as Executor of F. JOHN MAHRER, Deceased, Respondent. (Appeal No. 2.) [709 NYS2d 310] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained in a low-speed automobile collision. On appeal from a judgment in favor of defendant based on a jury verdict finding that plaintiff did not sustain a serious injury (*see,* Insurance Law § 5102 [d]), plaintiff contends that Supreme Court should have set aside the verdict and granted a new trial in the interest of justice on the ground that defendant's attorney improperly questioned witnesses concerning prejudicial matters.

Questions asked by defendant's attorney of his own witnesses concerning plaintiff's reputation for truth and veracity were proper (*see,* Prince, Richardson on Evidence §§ 6-402—6-405 [Farrell 11th ed]), as were questions asked of plaintiff on cross-examination. A witness may be impeached by questioning concerning any prior immoral, vicious, or criminal acts that may show him to be unworthy of belief (*see, Badr v Hogan,* 75 NY2d 629, 635; *see generally,* Prince, Richardson on Evidence, *op. cit.,* §§ 6-406, 6-407). Questions asked by defendant's attorney in cross-examining plaintiff's witness were likewise proper. Evidence of the character of a party or witness is generally inadmissible in a civil action (*see, O'Connell v Jacobs,* 181 AD2d 1064, *affd* 81 NY2d 797; *Noonan v Luther,* 206 NY 105, 108), and questions concerning prior bad acts generally may not be asked of a witness other than the one who committed those acts (*see, Badr v Hogan, supra,* at 635). Here, however, defendant's attorney properly inquired whether the witness was aware of plaintiff's prior bad acts in an effort to impeach the witness's testimony, elicited over defendant's objection, concerning plaintiff's good character and reputation for truth and veracity (*see, People v Garrick,* 246 AD2d 478, *lv denied* 92 NY2d 852; *cf., Taylor v Heft,* 150 App Div 509, 513). (Appeal from Judgment of Supreme Court, Oneida County, McCarthy, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.