◼ GILBERT C. SLATER, Respondent, v DEAN HITCHCOCK et al., Appellants, et al., Defendant. [715 NYS2d 461] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 8, 1999 in Warren County, which denied a motion by defendants Dean Hitchcock and Charlene Hitchcock for summary judgment dismissing the complaint against them.

Defendants Dean Hitchcock and Charlene Hitchcock (hereinafter collectively referred to as defendants), residing on their 115-acre parcel on Garnet Lake Road in the Town of Johns-

burg, Warren County, gave permission to plaintiff and his wife, Dean Hitchcock's daughter, to place their family's mobile home on a vacant portion of such parcel. During the later summer and early fall of 1992, plaintiff, Dean Hitchcock (hereinafter Hitchcock) and a friend, Gary Ryder, voluntarily began clearing the land and preparing the site. To further assist in site preparation, Ryder brought over his backhoe which only he operated while Hitchcock operated his bulldozer. Before the commencement of winter, the mobile home was placed on such property and Ryder and Hitchcock agreed that the backhoe would remain there until spring.*

On the evening of May 4, 1993, plaintiff decided to use Ryder's backhoe to level out and/or fill various ruts around his mobile home. Hitchcock, who had not operated the backhoe nor had information, either written or oral, as to its operation or use, was present when plaintiff began and remained there during the two to four times that the backhoe stalled. Deciding to return to his home approximately 300 feet away, Hitchcock heard plaintiff scream, returning to find him injured on the ground with the backhoe stalled. Plaintiff, believing that he had released the clutch after it stalled, was hit by the backhoe as he attempted to restart it by tightening a bolt. Although plaintiff conceded that he never operated a backhoe prior to the accident, he admitted to having had significant experience with the operation of trucks and a familiarity with their general maintenance as part of his employment with the Town of Johnsburg Highway Department.

As a result of injuries sustained, plaintiff commenced this action in December 1996 alleging, *inter alia,* that defendants were negligent in failing to maintain their property and the backhoe in a safe condition and in failing to warn him of its unsafe condition. Following discovery, defendants unsuccessfully moved for summary judgment. Upon appeal, we reverse.

It is well settled that a landowner cannot be held to be an insurer of the safety of those who are present on his property (*see, Jarvis v Eastman,* 202 AD2d 826, 827) so long as the property is in a "reasonably safe condition, considering all of the circumstances including the purpose of the person's presence and the likelihood of injury" (*Macey v Truman,* 70 NY2d 918, 919, *amended* 71 NY2d 949). Further, where the injured party engages in a voluntary activity over which the landowner exercises no supervision or control (*see, Jarvis v Eastman, supra,* at 827; *see also, Prairie v Sacandaga Bible Conference*

---

* Charlene Hitchcock was not actively involved in site location or site preparation.

*Camp*, 252 AD2d 940, 941, *lv denied* 92 NY2d 816), the law will not impose a duty upon the landowner to protect another from the consequences of his own acts (*see, Macey v Truman, supra*; *Blais v Balzer*, 175 AD2d 385). Here, despite the contention that the ruts on the property around the mobile home constituted an unsafe condition that plaintiff felt compelled to correct, the record reflects, and plaintiff concedes, that the accident was caused by the sudden forward movement of the backhoe when he attempted to restart it (*see, Macey v Truman, supra*).

Any further claim that an obligation fell upon Hitchcock, as landowner, to warn of the backhoe's unsafe condition or of the proper method of its operation is untenable since Hitchcock neither directed nor supervised the work in any manner (*see, Jarvis v Eastman*, 202 AD2d 826, *supra*; *Blais v Balzer, supra*). Since we will not find a "duty to warn against a condition that is readily observable by the reasonable use of one's senses * * * considering plaintiff's knowledge and experience" (*Jarvis v Eastman, supra*, at 828 [citation omitted]; *see, Prairie v Sacandaga Bible Conference Camp*, 252 AD2d 940, 941-942, *supra*), we conclude, as a matter of law, that plaintiff's daily work with the Town of Johnsburg Highway Department precludes an imposition of liability upon defendants for failing "to protect [him] from the unfortunate consequences of his own actions" (*Macey v Truman*, 70 NY2d 918, 919, *supra*).

Accordingly, we reverse the order of Supreme Court and grant defendants' motion for summary judgment dismissing the complaint against them.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Dean Hitchcock and Charlene Hitchcock and complaint dismissed against them.