In the Matter of the Claim of SAM GERACI, Appellant, against ANGELO LA LOGGIA et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the claimant from a decision of the Workmen's Compensation Board disallowing the claim. The claimant was an automobile body repairman and mechanic. The respondent conducted a welding business in a building which he owned. The claimant entered into an arrangement with the respondent under which he was to do automobile repair work upon the respondent's premises, with a division of the net profits of that work in the ratio of 60% to the claimant and 40% to the respondent. The claimant furnished his own tools and spray guns but he used an air compressor and other machinery belonging to the respondent. The claimant purchased paint, sandpaper and other materials, in his own name and on his own credit, and deducted the cost of the materials consumed from the proceeds of each job before determining the amount of the profits to be divided. The claimant made the appraisals and fixed the prices at which the work was to be done. He had no regular hours of work and worked when and as he pleased. The bills for the repair shop work were rendered in the name of the respondent. The moneys collected were turned over to the respondent and he paid the claimant's share to him. On some occasions, the claimant worked as an employee of the respondent in the welding business but this was entirely separate from the repair shop arrangement and the claimant was paid $1.50 per hour for any work performed in the welding business. The claimant and the respondent occasionally rendered casual service for each other without compensation. The claimant was injured

while rendering such casual assistance to the respondent, in helping him lift a welding machine. There is no claim that the rendition of this service constituted an employment for hire but the claimant contends that the repair shop arrangement made him an employee of the respondent. The board found that the relationship between the respondent and the claimant was not that of employer and employee but was rather that of partners or joint venturers. While the determination of the nature of the relationship is not free from difficulty and a contrary conclusion might have been reached by the board, we cannot say that the board's conclusion was not supported by substantial evidence. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.