■ In the Matter of Claim of PEARL GREEN, Respondent, v. CONTINENTAL TRANSPORTATION LINES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellant contractor and its carrier appeal from an award of death benefits assessed against them pursuant to section 56 of the Workmen's Compensation Law. The board in its memorandum of decision has found: "Upon review of the record we find that the aforesaid Continental Transportation Lines, Inc., is a general contractor and having leased from Bertrand A. Hughes a truck with the driver, the said Bertrand A. Hughes is a subcontractor; that the decedent was an employee of Bertrand A. Hughes and that since the said Hughes has no insurance, Continental Transportation Lines, Inc., and its assured are liable under Sec. 56 of the Workmen's Compensation Law." Appellants only contention is that, as a matter of law, decedent was not an employee of Hughes but was a partner or joint venturer with Hughes. Hughes owned a truck and decedent drove it. The truck was used almost exclusively to haul for the one contractor who hired it, with driver, for each trip. The payment for the trip was made by the contractor to Hughes who deducted expenses and divided the balance equally between himself and decedent. Appellants lean heavily upon this 50-50 division and the testimony of Hughes that he told decedent: "We run this as a partnership deal." However, Hughes explained that the reason for the arrangement was that he had no money and could not afford union wages, and that a driver "hustles more out of it" under such an arrangement. On the other side, all checks were payable to Hughes, who in turn paid decedent. Hughes could terminate decedent's services as driver at will by merely withdrawing his vehicle from the road. We cannot agree with appellants that the relationship between these parties is a question of law. Conflicting reasonable inferences flow from the evidence and present a question of fact for the board. (*Matter of Mead* v. *Cole,* 8 A D 2d 904.) The cases of *Matter of Geraci* v. *La Loggia* (283 App. Div. 1127) and *Matter of Krester* v. *Williams* (283 App. Div. 1130) relied upon by appellants, are cases where the board decided the question of fact the other way and we affirmed. Award unanimously affirmed, with costs to the Workmen's Compensation Board.