In the Matter of the Claim of JANICE H. GRAY, Respondent, v. ALVIN ALDRICH, Respondent, and CATHERINE TYLUTKI, Individually and as Administratrix of the Estate of JOHN TYLUTKI, Deceased, Appellants, and UNINSURED EMPLOYERS' FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 1, 1972.

*Karl A. Wohlgemuth* (*Ernest Abdella* and *George Abdella* of counsel), for appellants.

*Charles W. Sullivan* for Janice H. Gray, respondent.

*Irving Basloe* for Alvin Aldrich, respondent.

*Robert J. Chojnacki* for Uninsured Employers' Fund, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

SWEENEY, J. This is an appeal from a decision of the Workmen's Compensation Board, filed August 12, 1970.

In early June, 1967 respondent Aldrich purchased rights to cut timber on a small wood lot owned by appellant Tylutki and her since deceased husband. He also purchased such rights on an adjoining wood lot owned by one Foti. On June 27, 1967 claimant's decedent was a member of Aldrich's logging crew and while working on the wood lots was killed by a falling tree. After claim for compensation was made, it developed that Aldrich had no insurance. The board found that the Tylutki property was operated as a timberland; that, therefore, the Tylutkis were contractors within the meaning of section 56 of the Workmen's Compensation Law and, as such, they were liable for compensation to claimant. We arrive at a contrary conclusion.

On this record the controlling fact is not the use of the land as relied upon by the board, but rather the relationship between the Tylutkis and Aldrich. The timber was sold to Aldrich. It was paid for and the transaction completed prior to June 27, 1967. Furthermore, there is no evidence in the record to establish a contractual relationship in the timber cutting operation between the Tylutkis and Aldrich. Consequently, the Tylutkis were not " owner[s] of timber * * * who contract[ed] with another to carry on or perform work or service in connection therewith ". Under these circumstances they do not come within section 56. In view of this conclusion, it is not necessary to pass upon the other issues raised by appellants.

The decision should be reversed, and the claim against appellants dismissed, with costs to appellants against the Uninsured Employers' Fund.

HERLIHY, P. J., GREENBLOTT, SIMONS and REYNOLDS, JJ., concur.

Decision reversed, and claim against appellants dismissed, with costs to appellants against the Uninsured Employers' Fund.