OPINION OF THE COURT
Peter Tom, J.
The interesting issue raised in the motions before the court is whether private grade school tuition and related school expenses are recoverable as "basic economic loss” under the New York Comprehensive Motor Vehicles Insurance Reparations Act (the No-Fault Insurance Law) (Insurance Law art 51) pursuant to the facts and circumstances of this case.
A research of the issue has disclosed no reported cases on point.
The infant plaintiff, while a passenger in her father’s car, was injured in an automobile accident on June 3, 1979, when she was two years of age. The infant child was on her mother’s lap when their vehicle was allegedly struck from the rear, and the impact of the collision caused the infant to strike her head on the dashboard of the car.
As a result of the accident, the infant sustained an injury to her head. In a medical report submitted by a Doctor Murray Budabin, who examined the infant on June 20, 1979, the child was diagnosed to have sustained a cerebral concussion and has developed signs and symptoms of a "classical post-trauma neurosis”. He recommended psychiatric consultation for the child.
The infant child was then placed under the care of Doctor Molly Niv, a child psychiatrist, from September 25, 1982 to October 16, 1987. Doctor Niv diagnosed the child as suffering from a posttraumatic stress disorder.
As part of the treatment for the infant’s psychological injury, Doctor Niv prescribed continued psychotherapy and that the child be enrolled in a special school with small classes so "she can get the special attention she needs”. The infant’s mother enrolled the child in the Modern School, a private childhood educational institution, which has approximately 250 students and a staff of more than 30 teachers. The school brochure provides that small classes are maintained so that the teacher can work more effectively with the child. The plaintiff child has continuously attended this private school to present.
*940 Defendant, the no-fault carrier for plaintiff child, has paid for all of the child’s academic school expenses for her attendance at this private school as no-fault benefits until January 14, 1987 when defendant ceased to make further payments. The plaintiff child is presently 12 years of age.
Plaintiff, as the parent and guardian of the infant child, commenced this action for additional no-fault benefits for continued psychotherapy as well as for the prescribed special schooling. Defendant counterclaims to recoup the no-fault payments previously made to plaintiff and alleges that the child’s school tuition and related expenses are noncovered items under no-fault coverage.
Defendant moves, in the instant motion, for an order dismissing plaintiff’s claim for private school tuition and other school expenses and for summary judgment on its counterclaim. Plaintiff cross-moves for summary judgment on the complaint.
Defendant argues that since the Modern School is strictly an academic private elementary school with no programs offered which encompass psychiatric, physical and occupational therapy and rehabilitation, the tuition and related school expenses, as a matter of law, do not fall within the ambit of first-party benefits under the No-Fault Insurance Law.
Plaintiff contends that the prescription by a doctor of a special school environment with a small class setting for plaintiff infant is further medical and rehabilitative treatment for the child’s psychological disorder caused by the accident which is a recoverable benefit under the No-Fault Law.
One of the underlying purposes of the no-fault statute is to assure " 'that every auto accident victim will be compensated for substantially all of his [or her] economic loss, promptly and without regard to fault’ ” (Matter of Granger v Urda, 44 NY2d 91, 98; Palmer v Allstate Ins. Co., 101 AD2d 127).
Insurance Law § 5102 provides in pertinent part:
"(a) 'Basic economic loss’ means, up to fifty thousand dollars per person of the following * * * items * * *
"(1) All necessary expenses incurred for * * * (ii) psychiatric, physical and occupational therapy and rehabilitation”.
For an injured party to be entitled to "basic economic benefits” under the No-Fault Insurance Law, the party must prove that he or she sustained a medically related injury as a *941 result of an automobile accident and that such expenses incurred for medical, therapy or rehabilitation are necessary expenses for treatment of such injury.
The term "rehabilitation” is defined as restoration following disease, illness, or injury, of ability to function in a normal or near normal manner. (Stedman’s Medical Dictionary 1217 [5th L Ed].)
In the instant case, if plaintiffs can properly prove by competent medical evidence that the sérvices rendered by the Modern School under an environment of small class setting is a further necessary treatment to restore plaintiff infant’s psychological behavior to normal or near normal manner, then such services may qualify as a "rehabilitation” under basic economic benefits.
There need not be specific programs offered by the school relating to psychiatric, physical and occupational therapy and rehabilitation, as urged by defendant, before such expenses can qualify as a covered item. The services listed in the category of "basic economic loss” are broad and nonrestrictive, and such basic coverage does not depend on whether such services are rendered by a duly licensed physician or in a hospital (Goldwire v Youngs, 369 NYS2d 285).
Plaintiff has submitted an affidavit by Doctor Niv and a summary of approximately 88 psychotherapy sessions with plaintiff infant from September 25, 1982 through October 16, 1987. Doctor Niv, in a letter dated September 23, 1988 stated that plaintiff infant is "beset by anxieties, fears, has flashbacks from the accident and still fears driving in a car driven by her father. Her fears are of pre-psychotic proportion: giving rise to hallucinations, nightmares and tending to generalize.”
In the same letter, Doctor Niv recommends continued psychotherapy, support of the family and to keep the child in a special school with small classes so she can get the special attention she needs.
In an affidavit in support of plaintiff’s cross motion Doctor Niv states that the treatment and the schooling at the Modern School has helped the plaintiff infant considerably, although she is still in need of psychiatric care and the special schooling. Doctor Niv continues to state that the child’s condition is considered precarious as she might progress further into a prepsychotic state if she is not afforded the above.
However, the function of the court is not merely to pass on the reliability and accuracy of affidavits alone. A trial is *942 needed to determine and dispose the factual issues raised by the motion papers.
Doctor Niv first examined plaintiff child on or about September 25, 1982, more than three years after the accident. Plaintiff mother did not submit an affidavit averring that there was no intervening accident or other incident involving the infant child from the time of the automobile accident to the examination by Doctor Niv, which may have caused or contributed to the child’s psychological disorder.
The affirmation by Doctor Niv in support of plaintiff’s cross motion does not set forth the medical basis to connect the accident to the child’s psychological disorder but merely states that the child suffers from a posttraumatic stress disorder. Further, the affirmation by Doctor Niv was not made under the penalties of perjury as required by CPLR 2106.
Factual issues are raised by the submitted papers including whether the plaintiff infant’s present psychological condition is caused by the motor vehicle accident in 1979; and whether the plaintiff infant’s school tuition and related expenses are recoverable as basic economic loss under the No-Fault Insurance Law.
Further, plaintiff raised the issue as to whether defendant has waived its right to deny plaintiff infant’s claim for academic school expenses.
A waiver is a voluntary abandonment or relinquishment of a known right. (Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442.) A waiver may be expressed by a written agreement, a course of conduct or failure to act so as to evince an intent not to exercise such right. (Hadden v Consolidated Edison Co., 45 NY2d 466.)
In this case defendant has been paying plaintiff infant for academic school expenses for her attendance of the Modern School for approximately six years before terminating payment on January 14,1987.
A party’s intent to waive a known right is an issue of fact.
Accordingly, defendant’s motion and plaintiff’s cross motion, both for similar relief, are, in all respects, denied.