■ In the Matter of the Claim of MICHAEL L. FULTON, Respondent, v JOHN VOGEL, Also Known as AAA TREE SERVICE, Respondent, and R.J. PALUDI INSURANCE AGENCY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed January 3, 1990, which ruled that General Accident Insurance, as insurer for R.J. Paludi Insurance Agency, is liable for the workers' compensation benefits payable to claimant.

On June 13, 1985, Ronald Paludi, president and sole shareholder of R.J. Paludi Insurance Agency (hereinafter Paludi Agency), took title to a single-family residence in his individual capacity with the intention of converting the property to use as Paludi Agency's business offices. In that connection, Paludi contracted with John Vogel for the removal of several trees on the property. On June 18, 1985, claimant, Vogel's employee, was injured while operating a chain saw in connection with that activity, giving rise to this claim for workers' compensation benefits. When it became apparent that Vogel did not have a policy of workers' compensation insurance in effect, a dispute arose between Paludi Agency's compensation carrier, General Accident Insurance, and the Uninsured Employers' Fund of the Workers' Compensation Board as to liability for payment. Following a hearing, a Workers' Compensation Law Judge determined that Paludi Agency was a contractor within the purview of Workers' Compensation Law § 56 and that General Accident was liable for payment of benefits. Upon administrative appeal, the Board affirmed. This appeal ensued.

We affirm. As correctly contended by the Board, whether Paludi Agency was a general contractor under Workers' Compensation Law § 56 is a factual issue within its exclusive

power to decide *(see, Matter of Green v Continental Transp. Lines,* 13 AD2d 564), the controlling factor being the relationship between Paludi and his close corporation *(see, Matter of Gray v Aldrich,* 39 AD2d 492, 493, *affd* 34 NY2d 553). A reasonable inference that Paludi Agency acted as Paludi's general contractor with respect to the renovation of the property may be drawn from the evidence adduced at the hearing that the property was being converted to corporate use, that all expenses attributable to the property, including the cost of tree removal, were paid out of corporate funds and that the property was subsequently leased to the corporation *(see, Matter of Green v Continental Transp. Lines, supra).* Thus, the Board's decision was supported by substantial evidence and should be affirmed.

Mahoney, P. J., Levine, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.