ABEL PACHECO, Appellant, v SOUTH BRONX MENTAL HEALTH COUNCIL INC., Respondent and Third-Party Plaintiff-Appellant, and JOHN O'MALLEY & ASSOCIATES et al., Respondents. GEORGIO MALLIARAKIS, Third-Party Defendant-Respondent.

Plaintiff seeks to recover for personal injuries sustained when he fell down an open material shaftway at a construction site owned by his employer, third-party defendant Malliarakis. Prior to the accident, defendant South Bronx Mental Health Council (SBMHC) had entered into a lease with Malliarakis that was to commence "from the date the structure is ready for occupancy", and hired defendants John O'Malley & Associates and Baum as architects to do a feasibility study and prepare plans for renovating the premises. On the date of the accident, renovations had not been completed and SBMHC was not yet in possession of the premises. Personnel from SBMHC visited the premises prior to executing the lease and

twice more while renovation work was proceeding, and its architects visited the site regularly to check on the progress and quality of the work. Changes in the renovation plans and specifications were made at the request of SBMHC.

An implicit precondition to the duty to provide a safe place to work under Labor Law § 200 *et seq.* is that the party charged with the responsibility have the authority to control the activity bringing about the injury to enable it to avoid and correct an unsafe condition *(Russin v Picciano & Son,* 54 NY2d 311, 317). While control over the premises sufficient to give rise to such a duty may be attributed even to an owner who has no direct control over the activity bringing about the injury, at least where the owner is present and extensively involved with the work performed by a contractor *(see, Shaheen v International Business Machs. Corp.,* 157 AD2d 429), neither retention of inspection privileges nor a general power to supervise alone constitute control sufficient to impose liability *(supra,* at 434).

On appeal, plaintiff relies mainly on cases deeming contract vendees and tenants in possession to be "owners" for purposes of Labor Law liability *(e.g., Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103). Those cases are distinguishable in that the lessee here, defendant SBMHC, was not to take possession of the premises until the renovation work was certified as complete. More analogous to this case is *Bach v Emery Air Frgt. Corp.* (128 AD2d 490, 491), where the court, after noting that the term "owner", for Labor Law purposes, has not been limited to the titleholder but " 'has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit' " (quoting *Copertino v Ward,* 100 AD2d 565, 566), held that the prospective lessee, Emery, could not be held liable under the Labor Law as an "owner" since it did not contract to have the work performed, but simply agreed to lease the facility as soon as it was built in accordance with agreed upon plans. "[A]n owner is 'the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed' " *(supra,* at 491, quoting *Sweeting v Board of Coop. Educ. Servs., supra,* at 114).

While defendant SBMHC contracted with owner-landlord Malliarakis to have work performed by him, it lacked sufficient control, *i.e.,* the right to hire and fire subcontractors, to be considered an owner for Labor Law purposes. SBMHC's position is closely analogous to that of Emery in *Bach v Emery*

*Air Frgt. Corp. (supra)* in that it contracted with an owner-lessor to occupy space renovated to its specifications but assumed no control or authority over the work site. Plaintiff's appeal has been withdrawn with respect to the architect. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.

