■ JOHN LINCOLN et al., Appellants, v LANDVEST, INC., et al., Respondents. (And Two Third-Party Actions.) [609 NYS2d 697] —White, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered October 21, 1992 in Essex County, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims.

Plaintiff John Lincoln (hereinafter Lincoln), an employee of third-party defendant Michael Smith, sustained severe personal injuries on August 5, 1985 when a tree fell on him as he was cutting timber on property located in the Town of Altamont, Franklin County, that was owned by defendant P.P.T. Realty Corporation and managed by defendant Fountain Forestry, Inc. Fountain Forestry, in turn, entered into an agreement on April 26, 1984 with defendant Landvest, Inc. wherein Landvest agreed to provide brokerage and forest management services to Fountain Forestry with respect to the subject property. Thereafter, Landvest contracted to sell all the merchantable timber on the property which it had marked to Michael Smith, who agreed to cut the timber in a proper and professional manner to the satisfaction of Landvest.

This negligence action was commenced seeking damages for Lincoln's personal injuries and his wife's derivative losses. Following the completion of discovery, Landvest moved for summary judgment and the other defendants cross-moved for the same relief. Supreme Court granted the motions, holding that Landvest did not owe a duty to Lincoln and that the actions of the other defendants were not the proximate cause of Lincoln's injuries. Plaintiffs appeal.

Plaintiffs' theory of liability with respect to Landvest is that it breached its duty to exercise reasonable care to prevent foreseeable harm to Lincoln. They posit their theory on their allegation that, approximately one year before the accident, Landvest's employee, Daniel Christmas, told Lincoln that, due to complaints concerning damage to young trees, he was going to mark the trees for cutting to insure better forest practices. He allegedly told Lincoln that if a tree was suitable for cutting he would mark it with an "O"; if there was a hazard in the tree, it would be marked with an arrow pointing up toward the area where the danger existed and he would put an "X" on trees he determined were not of marketable quality, in which case Lincoln could decide if he wanted to cut it

or leave it standing. Lincoln states that he worked with Christmas for almost a year, came to rely upon his markings and assumed he was performing the safety steps that must be followed prior to cutting a tree. He contends that he was injured when he cut a tree that had a hazard in it which Christmas had improperly marked with an "O" rather than with an arrow.

Landvest's position is that it did not owe a duty to Lincoln because, once its contractual obligation of marking the trees was completed, it had no further participation in the logging activities. Moreover, its version of this unwitnessed accident is that it was caused solely by Lincoln. According to Landvest, Lincoln cut an unmarked tree which became lodged in a tree marked with an "O", and that when Lincoln cut down the marked tree he was hit with the unmarked tree that was lodged in it.

While generally the performance of a contractual obligation does not impose a duty in favor of a noncontracting party, tort liability may arise if the performance of the contractual obligation induced detrimental reliance by a third party *(see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226)*. Given the fact that on a motion for summary judgment we review the evidence in the light most favorable to the party opposing the motion and give him or her the benefit of every reasonable inference *(see, Meyers v Haskins,* 140 AD2d 923)*, we find that the facts adduced by plaintiffs create questions of fact on the issues of reliance and proximate cause. Inasmuch as Lincoln was a specifically foreseeable party in that the trees were marked for the purpose of directing him in the performance of his duties, extending Landvest's duty of care to him does not implicate the policy concerns articulated in *Eaves Brooks Costume Co. v Y.B.H. Realty Corp. (supra)* and *Strauss v Belle Realty Co.* (65 NY2d 399, 402-403) *(compare, Raffa v Stilloe Roofing & Siding,* 182 AD2d 901; *Public Adm'r of County of N. Y. v Fifth Ave. Dev. Corp.,* 180 AD2d 473)*. For these reasons, and because Landvest's proof regarding the happening of this accident merely creates an issue of credibility that is not resolvable on a motion for summary judgment *(see, Guadagno v Colonial Coop. Ins. Co.,* 145 AD2d 804)*, its motion for summary judgment should not have been granted.

We agree with Supreme Court's disposition of the other defendants' cross motion inasmuch as their proof established that plaintiffs' injuries did not result from any unsafe condition on the land and that they did not participate in the logging activities *(see, Macey v Truman,* 70 NY2d 918, *mot to*

*amend remittitur granted* 71 NY2d 949; *Blais v Balzer,* 175 AD2d 385).

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur.

Mercure, J. (dissenting). Because careful review of the motion papers indicates to me that, under the circumstances, defendant Landvest, Inc. did not owe any duty to protect plaintiff John Lincoln (hereinafter Lincoln) from the unfortunate consequences of his own actions, I respectfully dissent. That Landvest's employee marked certain trees for cutting, identifying obvious cutting problems, did not relieve Lincoln of the responsibility of looking for lodged trees *(see, Macey v Truman,* 70 NY2d 918; *Collins v Petroski,* 155 AD2d 799). "[T]he value of a warning is particularly questionable where, as here, [Lincoln] knew or should reasonably have known of the dangers posed" *(Herman v State of New York,* 94 AD2d 161, 163, *affd* 63 NY2d 822). There is simply no necessity to warn an individual already aware through common knowledge or learning of a specific hazard *(see, Trivino v Jamesway Corp.,* 148 AD2d 851, 853), or against a transitory natural condition that can be readily observed by the reasonable use of senses *(see, Nixon v State of New York,* 108 AD2d 1046) and, given that several months elapsed from the time of marking until the time of cutting, Lincoln could not ignore open and obvious dangers *(see, Herman v State of New York, supra).* I would therefore affirm Supreme Court's order dismissing the complaint and cross claims.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Landvest, Inc.; said motion denied; and, as so modified, affirmed.