■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY P. ELVERS, Appellant. [617 NYS2d 696] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYTON B. LEON, JR., Appellant. [617 NYS2d 697] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied effective assistance of counsel. The evidence, the law and the circumstances of the case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (see, People v Flores, 84 NY2d 184; People v Baldi, 54 NY2d 137, 147).

The sentence imposed is not harsh or excessive. (Appeal from Judgment of Herkimer County Court, Kirk, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.

■ CLAUDIA P. EGAN et al., Respondents, v DAVID W. DAWSON, Defendant, and LIBERTY MUTUAL INSURANCE GROUP, Appellant. [616 NYS2d 826] —Order unanimously affirmed with costs. Memorandum: The rolfing treatments received by Claudia P. Egan (plaintiff) are not "other professional health services" under Insurance Law § 5102 (a) (1) (iv) because rolfing is not a service licensed by the State of New York (see, 11 NYCRR 65.15 [o] [1] [vi]). Nevertheless, there is a question of fact whether the rolfing treatments received by plaintiff were a necessary treatment to restore her health so that they may qualify as "rehabilitation" under Insurance Law § 5102 (a) (1) (ii) (see, Hernandez v Aetna Cas. & Sur. Co., 146 Misc 2d 938, 941). (Appeal from Order of Supreme Court, Monroe County, Cornelius, J.—No-Fault Benefits.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.