■ KELLY E. WAGNER, Respondent-Appellant, v KRISTY-ANNE BAIRD et al., Defendants, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant-Respondent. [617 NYS2d 919] —White, J. Cross appeals from an order and judgment of the Supreme Court (Brown, J.), entered November 3, 1993 in Saratoga County, which partially granted plaintiff's motion for partial summary judgment.

Following an automobile accident on February 24, 1992, plaintiff began receiving first-party benefits from defendant State Farm Mutual Automobile Insurance Company (hereinafter defendant), her automobile liability insurer. Defendant subsequently terminated these benefits on the ground that "[t]here are no objective findings to causally relate the current neurological condition * * * to the motor vehicle accident of 2/24/92". Plaintiff then commenced this action in which she included two causes of action against defendant: one predicated upon Insurance Law § 5106 and the other seeking a declaration that defendant is obligated to pay her first-party

benefits. After the service of defendant's answer, plaintiff moved for partial summary judgment on her causes of action against defendant. Supreme Court granted the motion except for that portion seeking excess counsel fees pursuant to 11 NYCRR 65.17 (b) (6) (v). These cross appeals ensued.

To obtain summary judgment, a movant must tender evidentiary proof in admissible form establishing its cause of action sufficiently to warrant a court to direct judgment in its favor as a matter of law (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). If this obligation is satisfied, the burden shifts to the party opposing the motion, who must show by evidentiary proof in admissible form that there are triable issues of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562).

To meet her burden, plaintiff had to establish that she sustained a medically related injury as the result of her automobile accident and that her medical and associated expenses were necessary (see, Hernandez v Aetna Cas. & Sur. Co., 146 Misc 2d 938; see also, Insurance Law § 5102 [a] [1]; 11 NYCRR 65.15 [m] [1]). To this end plaintiff submitted an affidavit from her treating physician, who stated that plaintiff exhibited a number of serious and varied neurological manifestations of muscle weakness and areas of numbness involving all her extremities and also experienced headaches, pressure in her head and various episodes of facial numbness. His diagnosis was that plaintiff is suffering from post-head injury syndrome with possible seizure disorders. In his opinion, these conditions are causally related to the February 24, 1992 accident. Plaintiff also submitted an affidavit from her treating chiropractor. He noted the same symptoms as plaintiff's physician had found and set forth certain objective findings regarding the symptoms.

In opposition, defendant submitted an unsworn report from Thomas Mason, a neurologist who conducted an independent medical examination of plaintiff.* In his report, Mason states that while plaintiff developed a "cascade of symptoms" following her accident, her neurological examination was entirely within normal limits except for a weakness of the grip of her right hand and transient loss of toe position. He maintains that there were no objective findings causally related to plaintiff's accident, but did state that plaintiff's subjective complaints were causally related.

---

* To avoid an adjournment of the motion, Supreme Court, apparently without objection, agreed to accept Mason's report in lieu of an affidavit from him.

This record presented Supreme Court with an issue of credibility on the question of whether plaintiff's neurological symptoms are causally related to her accident. Since such an issue is not resolvable on a motion for summary judgment, Supreme Court should not have granted plaintiff's motion (see, Lincoln v Landvest, Inc., 202 AD2d 933). Inasmuch as plaintiff was not entitled to summary judgment, Supreme Court should not have proceeded to declare that defendant is obligated to pay plaintiff future "basic economic loss" for the injuries sustained in the accident.

With respect to plaintiff's cross appeal, we need not consider the issues raised therein because, at this point, she has not established her entitlement to counsel fees (see, Insurance Law § 5106).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion for partial summary judgment; motion denied to that extent; and, as so modified, affirmed.

