■ JAMES M. DUMOULIN et al., Respondents, v OVAL WOOD

DISH CORPORATION, Appellant. (And a Third-Party Action.) [621 NYS2d 705] —Cardona, P. J. Appeal from an order of the Supreme Court (James, J.), entered February 16, 1994 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

This action alleging negligence, violations of Labor Law § 200 (1) and § 241 (6), and loss of consortium stems from an accident which occurred on January 17, 1988. On that date, plaintiff James M. Dumoulin (hereinafter plaintiff), a lumberjack, sustained injury when a dead tree on property owned by defendant fell on him while he was harvesting logs as part of his employment with Bencze Logging, Inc. In the mid-1980s, Bencze Logging entered into an oral contract with defendant permitting it to harvest timber from defendant's property. Following joinder of issue, defendant commenced a third-party action against plaintiff's employer, Bencze Logging. After discovery was completed, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendant appeals.

Defendant contends that plaintiff's claim under Labor Law § 241 (6) should be dismissed because logging is not a covered activity under the statute. We agree. "Labor Law § 241 (6) requires contractors and owners to provide 'reasonable and adequate protection and safety' to employees working in, and persons lawfully frequenting, '[a]ll areas in which construction, excavation or demolition work is being performed' " (Jock v Fien, 80 NY2d 965, 968). While the Court of Appeals has held that the statute was not intended to be limited to building sites (see, Mosher v State of New York, 80 NY2d 286), we have still required that injuries result from an accident in which construction, demolition or excavation work was being performed in order for liability to be imposed under Labor Law § 241 (6) (see, Houde v Barton, 202 AD2d 890, 895, lv dismissed 84 NY2d 977).

Here, plaintiff was harvesting logs from a timber lot, not clearing land in preparation for the construction of a building, structure or highway. We, therefore, conclude that such activity does not constitute construction, excavation or demolition work (see, 12 NYCRR 23-1.4 [13], [16], [19]) within the meaning of the statute. Furthermore, we note that Labor Law § 200 (1)'s coverage is limited to "[a]ll places to which [the Labor Law] applies" (accord, Jock v Fien, supra, at 967). Our review of the Labor Law discloses no provision which can reasonably be interpreted to apply to a worksite, as in the instant case,

where standing timber is being harvested purely for the purpose of its sale as lumber or firewood. Accordingly, under the circumstances of this case, plaintiff's cause of action does not come within the purview of this statute (cf., *Derion v Buffalo Crushed Stone,* 135 AD2d 1105).

In reference to the negligence cause of action, defendant's duty as a landowner must be measured under the common law. "A landowner owes a duty to another on his land to keep it in a reasonably safe condition, considering all of the circumstances including the purpose of the person's presence and the likelihood of injury" *(Macey v Truman,* 70 NY2d 918, 919, *mot to amend remittitur granted* 71 NY2d 949; *see, Basso v Miller,* 40 NY2d 233). Plaintiff's injuries occurred when a rotten tree fell on him. He contends that he was injured by a dangerous condition existing upon defendant's land which it left uncorrected *(see, Macey v Truman, supra; Blais v Balzer,* 175 AD2d 385) or which resulted from his employer's failure to mark dead trees in the area where he was cutting, an activity over which defendant had supervisory control *(see, Lombardi v Stout,* 80 NY2d 290, 295).

A landowner may be held liable to an injured employee if it has notice of a dangerous condition on the premises or maintains control over the work *(see, Whitaker v Norman,* 75 NY2d 779, 782; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299). The record shows that in late December 1987, defendant's vice-president, Frank Bencze (hereinafter Bencze), whose two sons owned Bencze Logging, marked the eastern and western boundary lines of an approximate 500-acre cutting area by painting vertical slash marks on the trees. The record does not show that he marked trees within the cutting area for harvesting. There is no indication that in doing so he acquired actual knowledge of the existence of any rotten trees in the area to be cut by plaintiff *(cf., Lincoln v Landvest, Inc.,* 202 AD2d 933 [forest management company which marked trees for cutting and as a warning against danger owed duty of care to third party who was injured by a falling tree while harvesting trees in the cutting area]). Although expert proof in the record shows that Bencze, as an experienced forester, had constructive knowledge of the fact that such trees are present on practically all sites, the record also shows that plaintiff, himself an experienced lumberjack, was equally aware of the hazard created by rotten trees. In his deposition, plaintiff acknowledged their potential to kill and referred to them as "widowmakers" or "danger trees".

Therefore, on this record, we find that defendant did not

expose plaintiff to an unreasonable risk of danger because the dead tree which fell on him was a hazard inherent in the logging activity which plaintiff performed *(see, Patterson v Pasa,* 203 AD2d 866; *Stephens v Tucker,* 184 AD2d 828, 829-830). Accordingly, no liability attaches to defendant by reason of its alleged constructive knowledge of an unsafe condition upon its land.

We next turn to plaintiff's claim that defendant exercised supervisory control over the work. The record indicates that Bencze visited the worksite once a week to see what was going on and to visit his sons. On occasion, he advised plaintiff not to clear cut and also gave general logging advice to plaintiff. This evidence is insufficient to demonstrate that defendant was in supervisory control of the manner in which plaintiff performed his logging activity. Plaintiff acknowledged that Bencze's sons were his supervisors. The evidence shows that plaintiff supplied his own tools, worked at his own pace and worked alone in performing his logging activities. Notably, he was alone at the time of the accident. At best, plaintiff's proof demonstrates the retention of inspection privileges or a general power to supervise and not the kind of control sufficient to impose liability on an owner *(see, Tambasco v Norton Co.,* 207 AD2d 618, 621-622; *Pacheco v South Bronx Mental Health Council,* 179 AD2d 550, 551, *lv denied* 80 NY2d 754; *Shaheen v International Bus. Machs. Corp.,* 157 AD2d 429, 434).

Based upon the foregoing, summary judgment should have been granted dismissing the complaint.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.