OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiff brings suit for personal injury suffered when a tire exploded as he was attempting to mount it upon a wheel rim supplied by defendant Skinner and Damulis, Inc. Defendant now moves for summary judgment pursuant to CPLR 3212 *156 upon the ground that no material factual issues creating liability on its part exist.
This motion was submitted to the court without oral argument at a submitted motion term of the Supreme Court, Otsego County, on February 24, 1995.
FINDINGS OF FACT
Plaintiff John F. Smith is an experienced automobile mechanic and owner of The Auto Shop, a repair garage located in East Springfield, New York. In May of 1990, plaintiff was in the process of performing repairs on a 1983 E350 van owned by Empire Harvest Store. On May 27, 1990, plaintiff called the offices of defendant Skinner and Damulis, Inc., a company engaged in the business of buying and selling new and used motor vehicles and selling replacement parts for motor vehicles. Plaintiff placed an order for several replacement parts for the van, including a wheel rim, although he did not specifically describe the name or size of the rim he required. He avers that he relied upon defendant’s familiarity with this van in failing to furnish to defendant any rim specifications. A Skinner and Damulis employee consulted a Ford manual, which specified that such van required a lStá-inch wheel rim. Defendant thereafter supplied plaintiff with a lGti-inch wheel rim. Plaintiff ordered the tire for the rim from Cooper Tire Company, Inc., specifying that it was a 16-inch tire. Plaintiff was subsequently supplied with a 16-inch tire.
Thereafter, on May 31, 1990, plaintiff attempted to mount the 16-inch tire on the 16!^>-inch rim, by placing the tire and rim assembly upon a machine designed to hold the tire during inflation. Plaintiff testified that he encountered some initial difficulty while attempting to inflate the tire on the rim. He therefore removed the tire and rim from the machine, and prepared to release the air from the tire. As he did so, the tire exploded, resulting in personal injuries to plaintiff.
By service of summons and complaint dated March 23, 1993, plaintiff instituted the underlying action against defendants Accuride Corporation, Cooper Tire Company, Inc., Skinner and Damulis, and Ford Motor Company. Subsequently, the action was discontinued against all defendants except Skinner and Damulis.
CONCLUSIONS OF LAW
It is axiomatic that in any motion for summary judgment, *157 the" moving party bears the initial burden of demonstrating the right to judgment as a matter of law. When this showing has been met, the burden shifts, and the party opposing judgment need only raise significant doubt regarding the existence of a material factual issue. (Wagner v Baird, 208 AD2d 1087 [3d Dept 1994]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979].)
Plaintiff and defendant differ on appropriate industry standards and practices in ordering parts. Defendant asserts that industry practice dictates that plaintiff should have identified the specific size wheel required. Plaintiff asserts that defendant should have inquired further or taken further steps beyond relying solely upon the Ford manual, particularly given the potential dangers inherent in mounting a tire upon a wheel rim mismatched in size.*
Plaintiff, however, specified the tire size when ordering from Cooper. He failed to follow that procedure when ordering the rim from defendant, even though, as he asserts in his affidavit, he believed that there were two models of the E350 van, each equipped with different wheel sizes, a situation not covered by Ford manuals on this model. Plaintiff, in his affidavit, appears to transfer to defendant the responsibility for assuring the proper match of tire to rim: "In my experience, whenever I have ordered a tire or wheel for either type of van, I have always been asked which size I needed, a 16 [inch] or a 16V2 * * * I believe that Skinner & Damulis should have checked the size of the wheel with me, rather than relying solely on the parts manual.”
It was the plaintiff, however, who had sole knowledge of the crucial specifications. He had removed the tire which was marked 16 inches. He knew what his requirements were for the job he intended. He had access to the VIN plate with the requisite wheel size information, and the tire he was replacing. He also knew of the inherent dangers in a mismatch. His sole justification for withholding this vital information was his assumption that defendant "was familiar with this step van”. *158 But he spoke with a parts manager and no documentary evidence is presented to support the bald assertion that "the Defendant must have had considerable records surrounding this vehicle”. To establish a factual issue, the prior records must support plaintiffs claim that defendant had information of the peculiar rim size. This is not submitted to the court. The parts manager testified that plaintiff did not furnish the VIN, and that "the office” would have maintained a file for that vehicle. She replied affirmatively to the question, "And after you got the order you filled it without asking for any information because you determined at some point that was an E series step van and therefore there was only one application?”
The defendant’s expert avers: "Customarily, the parts employee determines, by access to the manufacturers’ manuals, the specific part number necessary * * * If there is anything different or unusual, it is the responsibility of the person calling in to identify that fact to the supplier and, upon receipt, to ensure that the part and its application or use is appropriate before installing any such part.” This court has not been supplied with the parts manual, but plaintiff in his affidavit avers "I have been informed that parts manuals, published by Ford Motor Company, state that 1983 E350 vans, such as the one I was working on, require 16 Vz [inch] wheels and tires.” Finally, the defendant furnishes the safety warning of the Cooper Tire Company which refers to the fact that the rim size is stamped on the rim. (See, exhibit D, No. 3.) Plaintiff makes no claim that the stamp was obliterated or unreadable.
Plaintiff discusses in his affidavit the lack of packaging, identification or labels on the rim when received from defendant, and his attorney claims questions of fact "surrounding whether it was negligent to ship the wheel to the Plaintiff in the manner that the Defendant did so.” The difficulty with this claim is that nowhere in the complaint or the bill of particulars has it been asserted, nor can a liberal interpretation of the pleadings yield a basis for such claim. Additionally, as noted from exhibit D, the rim size is stamped on the rim.
The defendant has established its claim to summary judgment by demonstrating that its employee furnished the rim which is specified for the vehicle in question. The plaintiff suggests factual issues in information which he assumed had been furnished to defendant through previous orders for the same van, and, absent such information, a failure on defen *159 dant’s part to inquire further. No prior work orders are submitted and the depositions are barren as to what history the defendant may have had on the van. The expert places the responsibility on the customer, to identify where there is a variance from the manufacturer’s specifications.
A thorough review of the documents submitted yields no viable question of fact to be presented to a jury, and accordingly the motion for summary judgment is granted and the complaint dismissed.

 The 16-inch and 16 Vi-inch wheels have identical circumferences, with the only difference in the size of the flange on the inside of the wheel. Such rims are not interchangeable, as the beads of a 16-inch tire will not seat properly on a 16 Vi-inch rim. According to industry warnings, the beads cannot be forced out against the rim flanges by using more air pressure, as this will break the beads and thereby cause the tire to explode.