◼ ROBERT M. ZELONKA et al., Respondents, v TOWN OF SCHODACK et al., Appellants, et al., Defendants. [665 NYS2d 757]

—Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered January 8, 1997 in Rensselaer County, which denied a motion by defendants Town of Schodack, EAC Systems, Inc. and Energy Answers Corporation for, *inter alia*, summary judgment dismissing the complaint against them.

Plaintiff Robert M. Zelonka (hereinafter plaintiff), and his wife derivatively, sued defendants for injuries sustained by plaintiff at the landfill facility owned by defendant Town of Schodack in Rensselaer County. Plaintiff drove into the facility to dispose of waste for his employer, Waste Management Service. He was directed to a certain area by defendant Allan Proskin. The truck he was driving became mired in mud. While Proskin went to get a towing cable to dislodge the truck and plaintiff stood in front of the vehicle, George Ward, an employee of defendant A. Ritz Demolition and Wrecking, Inc., operating a compactor, proceeded to push the truck forward. Plaintiff was struck by his own vehicle. In a second incident, after plaintiff dumped a hot water tank unto the landfill, he was ordered by Proskin to retrieve it since such items were not acceptable for dumping. Proskin helped plaintiff lift the tank back onto his truck. When Proskin released his end of the tank, plaintiff, unable to contend with the weight of the load, sustained injury to his arm and shoulder.

Plaintiffs sued the Town, Proskin, A. Ritz and defendants EAC Systems, Inc. (hereinafter EAC, Inc.) and Energy Answers Corporation (hereinafter EAC). All defendants answered except Proskin, who defaulted. EAC, Inc., EAC and the Town (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint and for common-law indemnification against A. Ritz. The motions were denied. This appeal ensued. Defendants' brief merely addresses Supreme Court's denial of summary judgment. We deem the second issue to be abandoned.

Defendants, in support of their motion, urge in the alternative that Proskin was an independent contractor and that they are not liable for any negligence attributable to him, or that even if he was an employee he was not negligent and if there is negligence on his part, all acts performed by Proskin were not within the scope of his duties. In seeking summary judgment defendants must support their entitlement to such relief as a matter of law. They must establish that no question of fact requires resolution by trial (*see, Berger v Dykstra*, 203 AD2d 754, *lv dismissed and denied* 84 NY2d 965).

Defendants' reliance on the contract between Proskin and EAC, Inc., denominating him an independent contractor, as a

basis for relieving it of responsibility for any of his negligence is insufficient to establish its entitlement to summary judgment as a matter of law. While the contract is some indication of the parties' intentions, other evidence in the record puts in issue Proskin's legal status. Other evidence points to his role as that of an employee. Summary judgment is inappropriate under such circumstances.

Under the terms of a contract with the Town, EAC, Inc. was responsible for operating the Town's landfill. Its responsibility included keeping unacceptable materials from being dumped there and generally closing down the landfill. Proskin, under a separate contract with EAC, Inc., was hired to supervise operation of the site by collecting weight tickets, keeping a daily log of what occurred and monitoring, inspecting and recording all loads of acceptable waste delivered to the landfill. He was required to be on the premises during the hours of its operation. Summary judgment was properly denied to EAC, Inc. under these circumstances as a question of fact exists as to whether EAC, Inc., as an employer, is responsible for Proskin's alleged negligence.

It is clear, however, that Proskin was not a Town employee. Though the Town director of solid waste was at the premises on a daily basis, to check on the progress of closing the landfill, the operation of the landfill reposed with EAC, Inc. and Proskin. He testified that Proskin ran the landfill for EAC, Inc. Summary judgment should have been granted to the Town on the negligence cause of action.

EAC is also not connected with any events in the case beyond being the parent company of EAC, Inc. No negligence was established as to EAC and summary judgment should have been granted to EAC as well.

Supreme Court also erred in not dismissing plaintiffs' lawsuit against the Town based on Labor Law § 200, which codifies the common-law duty of an owner or general contractor to provide a safe place for its employees. Plaintiff was employed by a private company and not the Town or EAC, Inc. and the statute is clearly inapplicable (see, Dumoulin v Oval Wood Dish Corp., 211 AD2d 883). We reject plaintiffs' contention that this legal argument is not properly before us. The issue was raised before Supreme Court and is at issue here.

Plaintiffs contend that negligence should be imputed to the Town as owner of the landfill in permitting the muddy conditions to exist at the landfill. Though a landowner owes a duty of reasonable care to those entering its lands, we find no basis for a finding of negligence on such theory. For negligence to at-

tach to the landowner, its negligence must be the proximate cause of a plaintiff's injuries (*see, Olsen v Town of Richfield*, 81 NY2d 1024). Here, the subsequent, intervening actions of others caused plaintiff's injuries, that is, the intervening actions of Ward, the driver of the compactor, and Proskin's failure to place the water heater's weight in a reasonable manner on the truck once he offered to help plaintiff lift it. Neither act of alleged negligence is imputable to the Town under the theory urged upon us.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment in favor of defendants Town of Schodack and Energy Answers Corporation; motion granted to that extent, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.