■ Harold S. Reynolds et al., Respondents, v International Paper Company et al., Appellants. (And a Third-Party Action.) [671 NYS2d 813] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dawson, J.), entered October 28, 1996 in Essex County, which denied defendants' motion for summary judgment dismissing the complaint.

On November 8, 1991, plaintiff Harold S. Reynolds

(hereinafter plaintiff) was injured when he was struck by a "widowmaker", a loose tree limb, while felling trees on land owned by defendant IP Timberlands Operating Company. Defendant International Paper Company owned the timber and timber rights on the property and had contracted with plaintiff's employer, James T. Ratliff (third-party defendant), for the harvesting of trees upon the land. The harvesting was completed using Ratliff's tools and equipment, and International Paper did not supervise or control the manner in which the trees were harvested.

Under the terms of the contract, Ratliff was to harvest only those trees designated by International Paper. While International Paper was thus contractually responsible only for marking the trees to be harvested and not for marking those with hazards, its timber marker, Jeffrey Wells, testified that in the course of marking trees for harvest he examined them for obvious hazards and if he saw any, would not mark them for cutting. Wells was unsure when he had marked the trees in the area where plaintiff was working, testifying that it could have been as much as a year prior to plaintiff's accident or as recently as two weeks prior thereto.

Ratliff testified that notwithstanding any markings earlier made to designate trees for cutting, it was absolutely essential to inspect a tree before cutting because, based upon "common knowledge" in the logging industry, a hazard could have been missed by an earlier inspection or could have developed subsequent thereto. Plaintiff testified that he was familiar with the dangers of felling trees generally and with the hazards of "widowmakers" in particular. He testified that despite any markings on the trees, he made his own inspection before cutting. As to the particular tree that injured him, he testified that prior to cutting it he examined it for hazards and observed none.

In seeking to impose liability upon defendants, plaintiff and his wife, derivatively, urge that they negligently exposed plaintiff to risk of injury by virtue of their constructive knowledge of a dangerous condition upon their land, i.e., the presence of "widowmakers" in trees to be felled. As we noted in *Dumoulin v Oval Wood Dish Corp.* (211 AD2d 883, 885), "[a] landowner may be held liable to an injured employee if it has notice of a dangerous condition on the premises or maintains control over the work". It is not contended that defendants had actual knowledge of the dangerous condition in the tree which injured plaintiff or that they maintained actual supervision or control over plaintiff's work in the felling of trees. Rather,

plaintiff contends that defendants had constructive knowledge of the presence of "widowmakers" in the trees upon its land by virtue of its undertaking to mark the trees for cutting and they owed plaintiff a duty to warn of the presence of same.

This argument fails for two reasons. First, as in *Dumoulin (supra)*, the instrumentality of plaintiff's injury, a "widowmaker", is a danger inherent in logging activity, the existence of which plaintiff was fully aware. Second, although International Paper did not undertake to mark trees for hazards, even had it done so the value of any such designation is concededly questionable since it is acknowledged that "widowmakers" can be undetected upon observation or can develop at any time after inspection through the effects of nature. Ultimate responsibility for checking for the presence of "widowmakers" rests with the cutter. Indeed, plaintiff acknowledged that notwithstanding any markings on the trees, he understood that it was necessary to inspect them before cutting. He testified that prior to cutting the tree which injured him, he examined it and did not see anything dangerous. The case of *Lincoln v Landvest, Inc.* (202 AD2d 933), relied upon by plaintiff, is factually distinguishable. In *Lincoln (supra)*, the injured logger was struck not by a "widowmaker", but by an unmarked tree which had become lodged in a tree designated for cutting. The logger testified to an almost year-long pattern of working with a particular tree marker upon whose markings he had come to rely, including presuming that the marker had followed required safety procedures prior to cutting, and we found that the question of such reliance presented an issue of fact rendering summary judgment inappropriate.

Plaintiff's claim under Workers' Compensation Law § 56 should also have been dismissed. IP Timberlands would have no liability under that section as it was not a party to the contract (*see, Matter of Gray v Aldrich*, 39 AD2d 492, *affd* 34 NY2d 553). International Paper has no liability thereunder because plaintiff received benefits by virtue of the coverage provided by his employer (*cf., Matter of Williams v Van Derzee*, 185 AD2d 575).

Accordingly, defendants' motion for summary judgment should have been granted and the complaint dismissed.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment granted to defendants and complaint dismissed.