■ In the Matter of the Claim of DURK OORD, Respondent, v ESTATE OF ALEXANDER H. ZIELINSKI, Deceased, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [680 NYS2d 290] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 19, 1997, as amended by decision filed November 3, 1997, which ruled that Alexander H. Zielinski was a contractor pursuant to Workers' Compensation Law § 56.

Claimant was injured while working on a 52-acre parcel of land owned by the estate of Alexander H. Zielinski (hereinafter decedent) in the Town of Rotterdam, Schenectady County. Claimant was employed by David Subik, who was logging timber on the parcel. On July 29, 1992, while logging a tree, claimant was struck by a falling log and received a compound fracture to his left leg. Claimant was hospitalized for seven days and was unable to work until March 1993. Claimant filed a claim for workers' compensation benefits and Subik failed to appear at the hearing. The Workers' Compensation Law Judge concluded that decedent's estate was a contractor pursuant to Workers' Compensation Law § 56 and granted claimant's application for benefits. The Workers' Compensation Board affirmed that decision and decedent's estate, by its executor Walter Zielinski, appeals.

Workers' Compensation Law § 56 provides that "[a]n owner of timber other than farm lands, who contracts with another to carry on or perform work or service in connection therewith, which work or service is, involves or includes a hazardous employment, shall for the purposes of this section be deemed a contractor". Zielinski claims that at the time of claimant's accident, decedent's estate could not be a contractor because it did not own the timber after it sold its rights to the timber. We disagree. Here, the estate owned the property and timber rights

and entered into an agreement wherein it sold the timber. The timber was paid for as it was cut down and taken away (*compare, Matter of Gray v Aldrich*, 39 AD2d 492, *affd* 34 NY2d 553). The timber that was left uncut remained the property of the estate. When the timber was cut and taken away, the estate received a proportionate share of the timber's sale price. Consequently, substantial evidence supports the Board's decision that the estate owned the timber when claimant was injured and was appropriately determined to be a contractor.

Substantial evidence also supports the Board's conclusion that decedent's estate entered into a contractual relationship with Subik (*compare, Reynolds v International Paper Co.*, 249 AD2d 727, 729, *lv denied* 92 NY2d 808). Zielinski testified that he entered into a contract with Angelo Morreale to permit Morreale to enter his land and cut timber. Morreale testified that Subik never worked with or for him and there was no agreement between them. Morreale knew that when he was finished with the land, Subik began going onto the land and cutting trees. Zielinski testified that he thought Subik worked with Morreale and that he never entered into an agreement with Subik. However, Subik paid Zielinski for the timber, was permitted on the land, and Zielinski never inquired when Subik paid him less than what Morreale had been paying. In light of this evidence, the Board's decision was supported by substantial evidence. As we read the record to support the Board's conclusion that decedent's estate entered into an agreement with Subik to perform work on timber located on property that it owned, the award of workers' compensation benefits to claimant pursuant to Workers' Compensation Law § 56 will be left undisturbed (*see, Matter of Fulton v Vogel*, 174 AD2d 797).

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.