Egan Jr., J.
Appeals from two decisions of the Workers’ Compensation Board, filed December 20, 2011 and December 13, 2012, which, among other things, ruled that Erie County was not liable for workers’ compensation benefits under Workers’ Compensation Law § 56.
In October 2006, a number of trees located within recreational areas owned by Erie County were damaged during a heavy snow storm, prompting the County to enter into a written agreement with American Site Developers LLC to cut the damaged branches and place them along the nearby rights-of-way for removal. American, in turn, subcontracted the work to Ray Debris Removal, and Ray further subcontracted the work to claimant’s employer, Rhonda Hartley Construction (hereinafter RHC). Claimant was injured in January 2007 when he fell while trimming tree limbs in one of the affected parks.
Claimant subsequently filed a claim for workers’ compensation benefits, and his case was established for injuries to his right leg, upper lumbar spine and lower thoracic spine. Following extended proceedings, a Workers’ Compensation Law Judge determined, insofar as is relevant here, that RHC, Ray and *1091 American were uninsured for workers’ compensation purposes, thereby imposing liability for claimant’s benefits and medical expenses upon the Uninsured Employers’ Fund. The Fund appealed, primarily contending that the County should be liable as an owner of timber pursuant to Workers’ Compensation Law § 56. The Workers’ Compensation Board disagreed, and the Fund now appeals.
We affirm. Workers’ Compensation Law § 56 provides, in relevant part, that “[a]n owner of timber other than farm lands, who contracts with another to carry on or perform work or service in connection therewith, which work or service is, involves or includes a hazardous employment, shall for the purposes of this section be deemed a contractor, and such other a subcontractor.” Although the parties debate whether the Board erred in refusing to extend the definition of “timber” to include storm-damaged tree limbs, this issue need not detain us. Regardless of whether the County qualifies as an “owner of timber” within the meaning of the statute, the record makes clear that the County did not have a contract with RHC for the branch-removal work. Absent the requisite contractual relationship, liability may not be imposed upon the County under Workers’ Compensation Law § 56 (see Employer: Carlos Echevia, 2010 WL 3577308, *2 [2010], 2010 NY Wrk Comp LEXIS 7581, *4 [WCB No. 3070 6658, Sept. 9, 2010]; see also Reynolds v International Paper Co., 249 AD2d 727, 729 [1998], lv denied 92 NY2d 808 [1998]; Matter of Gray v Aldrich, 39 AD2d 492, 493 [1972], affd 34 NY2d 553 [1974]). The Fund’s remaining arguments on this point have been examined and found to be lacking in merit.
Peters, EJ., Lahtinen and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.